# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADVANCED CLUSTER SYSTEMS, INC., | |
| Plaintiff, | Civil Action No. 1:19-cv-02032-MN-CJB |
| v. | |
| NVIDIA CORPORATION, NVIDIA SINGAPORE PTE. LTD., AND NVIDIA INTERNATIONAL, INC. | |
| Defendants. | |

## OBJECTIONS AND RESPONSES TO DEFENDANTS' THIRD-PARTY SUBPOENA TO TESTIFY AT A DEPOSITION TO KNOBBE, MARTENS, OLSON, & BEAR, LLP

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Knobbe, Martens, Olson, & Bear, LLP ("Knobbe"), hereby objects to Defendants NVIDIA Corporation, NVIDIA Singapore Pte. Ltd., and NVIDIA International, Inc.'s ("Defendants'") Subpoena to Testify at a Deposition ("Subpoena") to Knobbe.

## GENERAL OBJECTIONS

Knobbe asserts the following General Objections to Defendants' Subpoena. In addition to these General Objections, Knobbe states specific objections to each Topic, where appropriate, including objections that are not generally applicable to all the Topics. By setting forth such specific objections, Knobbe does not intend to limit or restrict these General Objections.

1.     Knobbe objects to the time and location for the testimony identified in the Subpoena. Subject to its objections, Knobbe will mutually agree to times and locations for any depositions.

- 1 -

2.      Knobbe objects to the Subpoena to the extent it fails to comply with, or imposes obligations in excess of, the Federal Rules of Civil Procedure, the Local Rules of the District Court for the District of Delaware, any Scheduling Order or Protective Order that may be entered in this case, and any other applicable rules.

3.      Knobbe objects to the Subpoena definitions to the extent that they make the individual Topics vague, ambiguous and unintelligible.

4.      Knobbe objects to the definition of "You" and "Your" in the Subpoena as overly broad and unduly burdensome, and inconsistent with the requirements of the Federal Rules of Civil Procedure.  Knobbe objects to the definition of "You," and "Your" to the extent the terms include persons or entities that Knobbe does not control.

5.      Knobbe objects to the definition of "Communication" in the Subpoena as overly broad to the extent that it calls for material that is not in Knobbe's possession, custody, or control, or is publicly available.

6.      Knobbe objects to the definition of "Document" in the Subpoena as overly broad and unduly burdensome to the extent that it calls for material that is not in Knobbe's possession, custody, or control, or is publicly available.

7.      Knobbe objects to the definition of "Source Code" in the Subpoena as overly broad to the extent that it calls for material that is not in Knobbe's possession, custody, or control, or is publicly available.

8.      Knobbe objects the definitions of "'768 Patent," "Asserted Patent," "'924 Patent," "'193 Patent," "'289 Patent," "'612 Patent," "'080 Patent," "'083 Patent," "'889 Patent," "'877 Patent," "'543 Patent," "'414 Patent," "'442 Prov. Patent App.," "'738 Prov. Patent App.," "'908 Prov. Patent App.," "WO'445 Patent App.," and "EP'727 Patent Pub." as overly broad, unduly

burdensome and not proportional to the needs of the case because they encompass "any patent applications leading directly or indirectly to the foregoing (including without limitation all published and unpublished pending and abandoned applications, and all applications on which any claim of priority is based), and any application and/or patent application related therefrom filed or issued outside of the United States." Knobbe will interpret these terms to refer to the identified patents, patent applications or patent publications themselves.

9.      Knobbe objects to the definition of "Patent" as overly broad, unduly burdensome and not proportional to the needs of the case because it encompasses "all foreign protection for intellectual property rights whether called a 'Patent' or not." Knobbe will interpret this term as referring to a patent.

10.     Knobbe objects the definitions of "Application" and "Applications" as overly broad, unduly burdensome and not proportional to the needs of the case because they encompass "any and all patent applications that led to the issuance of the Patents-in-Suit, any continuations, continuations-in-part, divisionals, reexaminations, reissues, parents, foreign counterpart applications, and any other applications disclosing, describing, or claiming any alleged invention disclosed, described, or claimed in the Patents-in-Suit, whether or not abandoned and whether or not issued, or any application for a Patent or any Patent claiming priority to the filing date of any of the Patents-in-Suit." Knobbe will interpret these as referring to a United States patent application or applications.

11.     Knobbe objects to the definitions of "Related Patent" or "Related Patents" as overly broad, unduly burdensome and not proportional to the needs of the case because they broadly encompass "whether or not abandoned and whether or not issued: (a) any patent or patent application that claims priority to the Asserted Patent; (b) any patent or patent application that

claims priority from any patent or patent application on which the Asserted Patent claims priority; (c) any patent or patent application on which the Asserted patent depends for priority; (d) any patent or patent application identified in the related U.S. Application for the Asserted Patent; (e) any patent or patent application that claims priority from any patent or patent application identified in the related U.S. Application for the Asserted Patent; (f) any reissue, reexamination, or inter partes review of any of the aforementioned patents or patent applications; and (g) any foreign counterpart patent or foreign counterpart application of any of the aforementioned patents or patent applications (a foreign counterpart patent and foreign counterpart application shall include any foreign patent or foreign patent application in which a claim for priority has been made in either a U.S. application or a foreign application based on the other, or that the disclosures of the U.S. and foreign patent applications are substantively identical)."

12.     Knobbe objects to the definitions of "Relating to," "related to," and "relate to" as overly broad, unduly burdensome and not proportional to the needs of the case because they broadly encompass "without limitation any information, document, or thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified."  The definitions of "Relating to," "Relate To," and "Related To" in the Subpoena are also overly broad to the extent that they call for material that is not in Knobbe's possession, custody, or control, and/or render the Topic vague and ambiguous and to the extent they call for material unrelated to the patent-in-suit.

13.     Knobbe objects to the definitions in the Subpoena to the extent they fail to comply with or impose obligations in excess of Fed. R. Civ. P. Rule 45 and/or the applicable Local Rules of the District of Delaware.

14.     Knobbe objects to the Subpoena to the extent it seeks information protected by the attorney-client privilege, work product immunity, common interest privilege, or any other applicable privilege or immunity.  Knobbe has stated its privilege objections expressly to each Topic which would, in its view, reasonably be interpreted to encompass privileged testimony or information.  To the extent that any other Topics encompass privileged testimony or information, however, Knobbe hereby incorporates its general objection.  Should any production of privileged testimony or information occur, it was inadvertent and shall not constitute a waiver of any privilege or of Knobbe's right to the return of such testimony or information in this litigation and object to the use of such testimony or information in this litigation.  To the extent that Knobbe produces any privileged testimony or information and it is later held that Knobbe waived the applicable privilege, such waiver shall apply only to the testimony or information inadvertently produced.

15.     Knobbe objects to the Topics to the extent they seek third-party proprietary information, trade secrets, and/or other confidential information or protected information that Knobbe has a legal obligation not to disclose.

16.     Knobbe objects to the Topics to the extent they are overly broad and unduly burdensome.

17.     Knobbe objects to the Topics to the extent they seek testimony and information that are not relevant to the subject matter of this litigation or proportional to the needs of the case as required by Fed. R. Civ. P. 26(b) or the burden and expense in obtaining the proposed discovery outweighs its likely benefit.  To the extent that Knobbe responds to any Topic, Knobbe does not

concede that the testimony and information sought by the Topic are relevant or proportional to the needs of the case.

18.     Knobbe objects to the Topics to the extent they seek to require Knobbe to provide testimony or information beyond what is in Knobbe's possession, custody, or control and can be located after a reasonable inquiry, on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

19.     Knobbe objects to the Topics to the extent they call for legal conclusions or expert opinions or testimony.

20.     Knobbe objects to the Topics to the extent they seek testimony subject to one or more confidentiality agreements with non-parties to this action, which agreements restrict Knobbe's ability to disclose such documents and things.

21.     Knobbe objects to the Topics as premature to the extent they seek information that is the subject of expert discovery.

22.     Knobbe objects to the Topics as overly broad, unduly burdensome, and inconsistent with the local rules of the District of Delaware to the extent they are unlimited in scope with respect to time.

23.     All of Knobbe's responses herein and Knobbe's testimony is limited to information within the possession, custody, or control of Knobbe that is located after a reasonable search.

24.     The mere fact that Knobbe has responded to a Topic, or provides testimony in response to a Topic, is not an admission that the alleged facts or statements in that Topic are either true or correct.

25.     The following responses are based upon information currently available to and located by Knobbe.  Knobbe reserves the right to amend, supplement, and/or alter these responses as warranted.

26.     Notwithstanding Knobbe's responses contained herein, Knobbe reserves its right to later object to Defendants' use of testimony or information produced in response to these Topics. Such objections, which are not waived by Knobbe's responses, include but are in no way limited to the following:

a.      objections concerning the competence, authenticity, relevance, materiality, privilege, and admissibility with regard to the information and testimony, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

b.      objections to the use of the testimony or information for any purpose, including, without limitation, their use in any subsequent proceeding in, or the trial of, this or any other action;

c.      the right to assert or raise, in this or any other context, attorney-client privilege, the work product doctrine, the protections afforded by Rule 26(b)(3) or Rule 26(b)(4)(B), the right of privacy, or any other applicable privilege or protective doctrine; and

d.      objections on any ground at any time to interrogatories, other document requests, or other discovery relating to testimony or information produced or the subject matter thereof.

Subject to and without waiving the foregoing General Objections, Knobbe responds to the specific Topics in the Subpoena as follows.

## SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS

**TOPIC NO. 1:**

Your Document retention policy or practice, including Your procedures and facilities for generating, maintaining, and disposing of records, including policies and practices Regarding patent application files.

**RESPONSE TO TOPIC NO.1:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 2:**

The prosecution of the Asserted Patent and any Related Patent.

**RESPONSE TO TOPIC NO.2:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  This Topic seeks irrelevant and burdensome discovery, including discovery regarding patents other than the patent-in-suit.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the relevance and proportionality of this Topic.

**TOPIC NO. 3:**

The prosecution of the MGT Patents.

**RESPONSE TO TOPIC NO.3:**

Knobbe incorporates by reference its General Objections. Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity. Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense, including discovery regarding patents other than the patent-in-suit.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 4:**

Documents or Things created, authored, collected, contributed to, or received by the alleged inventors of the Asserted Patent, including any inventor notebooks, invention disclosures, articles, books, publications, notebooks, products or notes.

**RESPONSE TO TOPIC NO.4:**

Knobbe incorporates by reference its General Objections. Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity. Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the

case to the extent it seeks information not relevant to any party's claim or defense, including discovery regarding patents other than the patent-in-suit.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 5:**

The inventorship and alleged conception and reduction to practice of each claim of the Asserted Patent.

**RESPONSE TO TOPIC NO.5:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information not relevant to any party's claim or defense.  Knobbe also objects to this Topic as calling for expert testimony and testimony directed to legal issues and/or issues requiring expert testimony, such as claim construction, inventorship, conception and reduction to practice.  Knobbe further objects to the extent this Topic calls for legal conclusions.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 6:**

The inventorship and alleged conception and reduction to practice of each claim of the '877 Patent.

**RESPONSE TO TOPIC NO.6:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense, including discovery regarding patents other than the patent-in-suit.  Knobbe also objects to this Topic as calling for expert testimony directed to legal issues and/or issues requiring expert testimony, such as claim construction, inventorship, conception and reduction to practice.  Knobbe further objects to the extent this Topic calls for legal conclusions.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 7:**

All non-privileged Communications with any third party Related to the Asserted Patent.

**RESPONSE TO TOPIC NO.7:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information not relevant to any party's claim or defense.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 8:**

Documents, things, Communications, analyses or studies Related to any secondary consideration of nonobviousness of the Asserted Patent or any Related Patent.

Any disputes, determinations, agreements, or investigations Related to the inventorship of the Asserted Patent, including any communications Related to the same.

**RESPONSE TO TOPIC NO.8:**

Knobbe incorporates by reference its General Objections. Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity. Knobbe also objects to this Topic as vague and unintelligible as it combines unrelated subject matters. Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense, including discovery regarding patents other than the patent-in-suit. Knobbe also objects to this Topic as calling for expert testimony directed to legal issues and/or issues requiring expert testimony, such as claim construction, inventorship, conception, reduction to practice and secondary considerations of obviousness. Knobbe further objects to the extent this Topic calls for legal conclusions.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 9:**

Prior Art known to You related to the Asserted Patent and any Related Patent, including the date when You first learned of such Prior Art.

**RESPONSE TO TOPIC NO.9:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense, including discovery regarding patents other than the patent-in-suit and the specific dates upon which Knobbe became aware of prior art references.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 10:**

Practices or policies regarding prosecution of patents by You at or around the time of the prosecution of the Asserted Patent or any Related Patent.

**RESPONSE TO TOPIC NO.10:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense, including discovery regarding patents other than the patent-in-suit.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 11:**

Your knowledge of cluster computing systems with a peer-to-peer architecture.

**RESPONSE TO TOPIC NO.11:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense, including Knobbe's knowledge of technical subject matter.  Knobbe also objects to this Topic as calling for expert technical testimony.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 12:**

Your knowledge of FFTW, including any Documents or things describing FFTW and when you acquired such knowledge, Documents or things.

**RESPONSE TO TOPIC NO.12:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as vague with regard to the undefined term "FFTW."  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense, including Knobbe's

- 14 -

knowledge of technical subject matter.  Knobbe also objects to this Topic as calling for expert technical testimony.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

**TOPIC NO. 13:**

Any assessment by You of the value, strength or benefit (financial, technical or otherwise) provided by the Asserted Patent or any Related Patent.

**RESPONSE TO TOPIC NO.13:**

Knobbe incorporates by reference its General Objections.  Knobbe also objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe also objects to this Topic as vague with regard to the term "or otherwise."  Knobbe also objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense, including discovery regarding patents other than the patent-in-suit.

Subject to and without waiving the foregoing objections, Knobbe is willing to meet and confer to discuss the purported relevance and proportionality of this Topic.

July 13, 2022

*/s/ Cheryl T. Burgess*
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com

Jon W. Gurka (Admitted *Pro Hac Vice*)
Brian C. Claassen (Admitted *Pro Hac Vice*)

Cheryl Burgess (Admitted *Pro Hac Vice*)
Karl W. Kowallis (Admitted *Pro Hac Vice*)
Ben K. Shiroma (Admitted *Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760 0404
jon.gurka@knobbe.com
brian.claassen @knobbe.com
cheryl.burgess @knobbe.com
karl.kowallis@knobbe.com
ben.shiroma@knobbe.com

*Attorneys for Non-Party*
*Knobbe, Martens, Olson and Bear, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2022, I served the foregoing document via e-mail on

Defendant's counsel of record as follows:

nvidia-acs-dla@us.dlapiper.com

Brian A. Biggs (DE Bar No. 5591)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147

Dated: July 13, 2022                              */s/ Cheryl T. Burgess*
                                                  Cheryl T. Burgess

55939749