# EXHIBIT 5

| | |
|---|---|
| **From:** | Stephen Larson |
| **To:** | Nelson, Peter; Williamson, Carrie; O"Byrne, Stephanie; Karen Keller |
| **Cc:** | Cheryl Burgess; NVIDIA-ACS-DLA; ACSService; Nate Hoeschen |
| **Subject:** | RE: ACS v. NV - Deposition Scheduling and Format |
| **Date:** | Friday, August 26, 2022 12:49:00 PM |
| **Attachments:** | image002.png |
| | image003.png |

Counsel,

Thank you for meeting and conferring on the Knobbe and individual Knobbe witness deposition issues.  As we discussed, we do not oppose NVIDIA taking these depositions after the close of fact discovery after the parties' 30(b)(6) issues are resolved.  Thus, we believe NVIDIA's cross-motion as to the individual witnesses is unnecessary.

We are also disappointed by NVIDIA's attempt to have the last brief on these issues.  As I mentioned, if we had brought a motion to quash in the Central District of California, we would have been entitled to a 25-page reply.  We proposed bringing the issues directly to Judge Burke to facilitate and streamline the resolution of the parties' 30(b)(6) issues.  That being said, we are prepared to agree to your briefing proposal in the interest of resolving these disputes as soon as possible under Judge Burke's discovery procedures.  We will circulate an updated letter that includes a reference to the parties' meet and confer today.

Best,
Steve

**From:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>
**Sent:** Thursday, August 25, 2022 7:17 AM
**To:** Stephen Larson <Stephen.Larson@knobbe.com>; Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; O'Byrne, Stephanie <Stephanie.OByrne@us.dlapiper.com>; Karen Keller <kkeller@shawkeller.com>
**Cc:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Subject:** Re: ACS v. NV - Deposition Scheduling and Format

Hi Stephen,

We are generally available tomorrow after 12:00 PM EST.  We'd like to address all outstanding issues including:  (a) ACS' request to claw back certain documents; and (b) missing summary financials, loan documents, and tax returns.

Best regards,
Peter

Peter Nelson
Associate

T  +1 202 799 4092
M  +1 301 346 1357
peter.nelson@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com



**From:** Stephen Larson <Stephen.Larson@knobbe.com>
**Sent:** Wednesday, August 24, 2022 10:47 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; O'Byrne, Stephanie
<Stephanie.OByrne@us.dlapiper.com>; Karen Keller <kkeller@shawkeller.com>
**Cc:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>;
NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; ACSService <ACSService@knobbe.com>;
Nate Hoeschen <nhoeschen@shawkeller.com>
**Subject:** Re: ACS v. NV - Deposition Scheduling and Format

⚠ EXTERNAL MESSAGE

Carrie,

Thank you for your email.  Let's meet and confer on NVIDIA's motion and proposed briefing schedule
on Friday.  Please let us know when NVIDIA is available.

Many thanks,
Steve

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Wednesday, August 24, 2022 6:44:29 PM
**To:** Stephen Larson <Stephen.Larson@knobbe.com>; O'Byrne, Stephanie
<Stephanie.OByrne@us.dlapiper.com>; Karen Keller <kkeller@shawkeller.com>
**Cc:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>;
NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; ACSService <ACSService@knobbe.com>;
Nate Hoeschen <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

Stephen,

We understand that Knobbe is refusing to produce Mr. Cannon and Mr. Smemoe for the depositions
until the dispute regarding Knobbe's Rule 45 subpoena is resolved.  We had those depositions on
calendar for August 16 and 18 for the individuals in their personal capacities, and Knobbe cancelled
those depositions.  We understand that Knobbe and Mr. Cannon and Mr. Smemoe all agree that Mr.

Cannon and Mr. Smemoe and Knobbe *will* be made available for deposition and the issue is timing (what date the depositions will occur) and scope (scope of the Rule 45 subpoena topics). Is that correct? Given that (1) discovery is closing, (2) there is no date set for any of those 3 depositions, (3) Knobbe may seek to withdraw its motion to quash and then refuse to provide any depositions following the close of fact discovery, and (4) NVIDIA may need to amend its final contentions related to these depositions, NVIDIA needs to preserve its ability to seek discovery from Knobbe, Mr. Cannon and Mr. Smemoe and is thus cross-moving to compel to ensure that NVIDIA may be able to depose all 3 witnesses (Knobbe, Mr. Cannon, and Mr. Smemoe) following close of fact discovery when the dispute is resolved. In other words, part of the relief that NVIDIA will ask for with the court is that Mr. Cannon and Mr. Smemoe appear for deposition following close of fact discovery (along with Knobbe). Because NVIDIA is asking for relief from the court, it is cross-moving. I hope this clears up any confusion.

Thanks,
Carrie

---

**From:** Stephen Larson <Stephen.Larson@knobbe.com>
**Sent:** Wednesday, August 24, 2022 2:42 PM
**To:** O'Byrne, Stephanie <Stephanie.OByrne@us.dlapiper.com>; Karen Keller <kkeller@shawkeller.com>; Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>; NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

⚠️ EXTERNAL MESSAGE

Counsel,

We object to NVIDIA's inclusion of its motions to compel and, in particular, NVIDIA's motion to compel the individual depositions of Ted Cannon and Lance Smemo. NVIIDA never suggested it had any issue with these individual depositions proceeding after the parties' 30(b)(6) issues are resolved. The parties have not met and conferred on NVIDIA's motions and it is not clear to us what relief NVIDIA now seeks: is NVIDIA seeking the individual depositions before the Court resolves the parties' 30(b)(6) issues? If not, NVIDIA's motion is unnecessary. If NVIDIA seeks to depose these individuals before the Court resolves the parties' 30(b)(6) issues, Knobbe Martens and ACS will oppose such a motion and seek a protective order on such discovery.

If NVIDIA intends to bring its motions, we are available to meet and confer this Friday before 3 p.m. EST on (1) NVIDIA's motions and (2) Knobbe Martens and ACS's motion for a protective order as to the individual depositions of Ted Cannon and Lance Smemo. We can discuss NVIDIA's new proposal regarding briefing at that meet and confer.

Best,
Steve

---

**From:** O'Byrne, Stephanie <<u>Stephanie.OByrne@us.dlapiper.com</u>>
**Sent:** Wednesday, August 24, 2022 9:45 AM
**To:** Karen Keller <<u>kkeller@shawkeller.com</u>>; Williamson, Carrie
<<u>Carrie.Williamson@us.dlapiper.com</u>>
**Cc:** Nelson, Peter <<u>Peter.Nelson@us.dlapiper.com</u>>; Stephen Larson
<<u>Stephen.Larson@knobbe.com</u>>; Cheryl Burgess <<u>Cheryl.Burgess@knobbe.com</u>>; NVIDIA-ACS-DLA
<<u>NVIDIA-ACS-DLA@us.dlapiper.com</u>>; ACSService <<u>ACSService@knobbe.com</u>>; Nate Hoeschen
<<u>nhoeschen@shawkeller.com</u>>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

Karen,

Please see the attached revised motion with NVIDIA's addition of its cross-motion and proposal re:
consolidated letter briefing.  If you'd like to discuss, please let us know.  Otherwise please confirm
you will proceed to file today; I am signed off with these additions.

Stephanie

## Stephanie E. O'Byrne
Of Counsel

T   +1 302 468 5645
F   +1 302 691 4745
<u>stephanie.obyrne@us.dlapiper.com</u>



---

**From:** Karen Keller <<u>kkeller@shawkeller.com</u>>
**Sent:** Wednesday, August 24, 2022 10:19 AM
**To:** Williamson, Carrie <<u>Carrie.Williamson@us.dlapiper.com</u>>
**Cc:** Nelson, Peter <<u>Peter.Nelson@us.dlapiper.com</u>>; Stephen Larson
<<u>Stephen.Larson@knobbe.com</u>>; Cheryl T. Burgess - Knobbe Martens Olson & Bear LLP
(<u>cheryl.burgess@knobbe.com</u>) <<u>cheryl.burgess@knobbe.com</u>>; NVIDIA-ACS-DLA <<u>NVIDIA-ACS-DLA@us.dlapiper.com</u>>; <u>ACSService@knobbe.com</u>; Nate Hoeschen <<u>nhoeschen@shawkeller.com</u>>
**Subject:** FW: ACS v. NV - Deposition Scheduling and Format

⚠ EXTERNAL MESSAGE

 Carrie:

4

Just following up on this.

Best,
Karen

**From:** Karen Keller <kkeller@shawkeller.com>
**Sent:** Monday, August 22, 2022 6:03 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Stephen Larson
<Stephen.Larson@knobbe.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>; NVIDIA-ACS-DLA
<NVIDIA-ACS-DLA@us.dlapiper.com>; ACSService <ACSService@knobbe.com>; Nate Hoeschen
<nhoeschen@shawkeller.com>
**Subject:** Re: ACS v. NV - Deposition Scheduling and Format

Attached.

~Karen

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Date:** Friday, August 19, 2022 at 4:28 PM
**To:** Karen Keller <kkeller@shawkeller.com>
**Cc:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>, Stephen Larson
<Stephen.Larson@knobbe.com>, Cheryl Burgess <cheryl.burgess@knobbe.com>, NVIDIA-ACS-
DLA <NVIDIA-ACS-DLA@us.dlapiper.com>, ACSService <ACSService@knobbe.com>, Nate
Hoeschen <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

Karen – please provide a word version.  Thanks.  We intend to cross move to compel.

Thanks,
Carrie

**From:** Karen Keller <kkeller@shawkeller.com>
**Sent:** Friday, August 19, 2022 1:24 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Stephen Larson
<Stephen.Larson@knobbe.com>; Cheryl Burgess <cheryl.burgess@knobbe.com>; NVIDIA-ACS-DLA
<NVIDIA-ACS-DLA@us.dlapiper.com>; ACSService <ACSService@knobbe.com>; Nate Hoeschen
<nhoeschen@shawkeller.com>
**Subject:** Re: ACS v. NV - Deposition Scheduling and Format

 ⚠ EXTERNAL MESSAGE

Attached is a proposed letter. Let me know if ok to file.


Karen Keller

> On Aug 19, 2022, at 2:22 PM, Williamson, Carrie <Carrie.Williamson@us.dlapiper.com> wrote:
>
> Stephen,
>
> As Peter requested below, please provide the draft letter for a request for a teleconference for Judge Burke.
>
> Thanks,
> Carrie
>
> ---
>
> **From:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>
> **Sent:** Wednesday, August 17, 2022 7:18 AM
> **To:** Stephen Larson <Stephen.Larson@knobbe.com>; Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>
> **Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
> **Subject:** Re: ACS v. NV - Deposition Scheduling and Format
>
> Hi Stephen,
>
> Are you proposing that the parties submit a joint letter for a teleconference to Judge Burke?  If so, please send a proposed letter for our consideration.
>
> Best regards,
> Peter
>
> Peter Nelson
> Associate
> DLA Piper LLP (US)
> 301-346-1357
> peter.nelson@us.dlapiper.com
>
> ---
>
> **From:** Stephen Larson <Stephen.Larson@knobbe.com>
> **Sent:** Tuesday, August 16, 2022 7:02 PM

**To:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

⚠ EXTERNAL MESSAGE

Peter,

I write to follow up on the email below.  NVIDIA's proposal does not significantly narrow the disputes or resolve Knobbe Martens' objections, including that NVIDIA fails to identify the relevant topics with reasonable particularity.  While we remain available to discuss further, it appears the parties are at an impasse.  Accordingly, Knobbe Martens will file a motion to quash and for a protective order.  To streamline and expedite the resolution of this dispute, please let us know if NVIDIA will agree to Judge Burke deciding Knobbe Martens' motion under his procedures governing discovery disputes.

Best,
Steve

**From:** Stephen Larson
**Sent:** Saturday, August 13, 2022 11:24 AM
**To:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

Peter,

Thank you for your email.  NVIDIA's counterproposal does not significantly narrow the disputes or remotely address the objections and concerns we have explained in detail. We will consider whether we can make any additional proposals to narrow the disputes and provide our position early next week.  Given the ongoing disputes regarding 30(b) (6) issues, the Cannon and Smemoe depositions cannot go forward next week.  We will reschedule the depositions to mutually agreeable dates after the 30(b)(6) issues are resolved.

Best,
Steve

**From:** Nelson, Peter <Peter.Nelson@us.dlapiper.com>
**Sent:** Friday, August 12, 2022 7:13 PM
**To:** Stephen Larson <Stephen.Larson@knobbe.com>; Williamson, Carrie
<Carrie.Williamson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller
<kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R.
Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com)
<nhoeschen@shawkeller.com>
**Subject:** Re: ACS v. NV - Deposition Scheduling and Format

Stephen,

Thank you for your message.  As explained below, NVIDIA was and still is open
to compromise.

NVIDIA explained on Wednesday's meet and confer that NVIDIA could agree to
limit the scope of the subpoena if ACS and Knobbe stipulated that ACS would not
call any or rely on the statements of any Knobbe attorney in support of its case.
NVIDIA expressly stated that it was not seeking to somehow prevent ACS or
Knobbe from calling a Knobbe attorney as a witness should the conduct of a
Knobbe attorney become at issue in the case.  This important detail is missing
from your email.  As we further explained, if ACS intended to call Knobbe at
trial, then we needed to be able to explore any topics that may be subject of
testimony.  ACS and Knobbe have not been willing to represent that Knobbe will
not be testifying.

In response to your proposal, NVIDIA makes the following counterproposal:

**Topics 1, 2, 4, 7, 8, 10.**  NVIDIA explained on the call that it seeks information
on at least the family of the Asserted Patent—not just the Asserted Patent.  The
Asserted Patent family consists of U.S. Patent Nos. 10,333,768, 8,676,877,
8,140,612, and 8,082,289, as well as U.S. Provisional Patent Application Nos.
60/813,738, 60/850,908, and 60/757,573.  ACS asserts that the Asserted Patent—
through the '877, '612, and '289 patents—is entitled to claim priority to at least
the '908 provisional, and the '573 provisional is one of the documents that ACS
has identified as allegedly supporting its claimed conception date.  In other words,
NVIDIA is willing to narrow Topics 1, 2, 4, 7, 8, 10 to just the Asserted Patent
and its U.S. family members—but nothing less.

**Topic 3.**  As we explained on the meet and confer, there are sworn statements
made by one of the named inventors that the alleged invention behind the
Asserted Patent is an improvement to MGT.  The MGT patent family consists of
U.S. Patent Nos. 8,849,889 and 8,402,080; U.S. Patent Application No.
11/527,319; and U.S. Provisional Patent Application No. 60/720,442.  For this
reason, NVIDIA cannot agree to entirely drop Topic 3.

**Topic 5 and 6.**  NVIDIA is willing to narrow this request if and only if ACS and Knobbe represent that no attorney from Knobbe will testify at trial (or through any other means) regarding anything responsive to these topics and no fact or expert witness will rely on or testify about anything a Knobbe attorney said that is responsive to these topics.

**Topic 9, 11, 12, and 13.**  NVIDIA expressly stated on Wednesday's meet and confer that it is not seeking to prevent ACS or Knobbe from defending themselves from any future claim(s) that NVIDIA may or may not raise.  However, ACS and Knobbe's refusal to stipulate that a Knobbe attorney will not be called or relied upon to affirmatively support Knobbe's case is a legitimate concern.  NVIDIA is willing to drop Topics 11, 12, and 13 if ACS and Knobbe represent that no attorney from Knobbe will testify regarding anything responsive to these topics and no fact or expert witness will rely on or testify about anything a Knobbe attorney said that is responsive to these topics.  NVIDIA reserves the right to ask the prosecuting attorneys questions responsive to Topics 9, 11, and 12.

Best regards,
Peter

Peter Nelson
Associate

T  +1 202 799 4092
M  +1 301 346 1357
peter.nelson@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Stephen Larson <Stephen.Larson@knobbe.com>
**Sent:** Friday, August 12, 2022 3:24 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

⚠ EXTERNAL MESSAGE

Counsel,

9

As noted below, we provided deposition dates for Mr. Cannon and Mr. Smemoe that were contingent on the parties resolving any outstanding Knobbe 30(b)(6) issues.  Please let us know today if NVIDIA agrees to our proposal.  If not, we will need to reschedule those depositions to mutually agreeable dates after the 30(b)(6) issues are resolved.

Best,
Steve

---

**From:** Stephen Larson
**Sent:** Wednesday, August 10, 2022 7:24 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

Carrie,

Thank you for your email and for meeting and conferring this morning.  Unfortunately, NVIDIA has not changed its position since the last meet and confer.  NVIDIA has proposed no narrowing and instead suggested it *might* consider some narrowing if Knobbe and ACS stipulate in advance to not provide certain testimony at trial.  As I explained in my previous email, and at the meet and confer today, we cannot make such a commitment because, among other things, we do not know what NVIDIA will be arguing at trial.

For example, as I explained during the call, NVIDIA has acknowledged it is pursuing an inequitable conduct defense but *refuses* to explain that potential defense.  We do not think the Court will appreciate such tactics.  Below, NVIDIA states that its goal is to avoid surprise, but it appears to us that NVIDIA's goal is the opposite.  Specifically, NVIDIA seeks to surprise the Knobbe witnesses (including with an undisclosed inequitable conduct theory) by refusing to identify the specific subjects NVIDIA will pursue and instead forcing Knobbe to prepare witnesses on vast amounts of materials.

Despite NVIDIA's refusal to narrow or compromise, we have continued to examine NVIDIA's subpoena to determine whether we can agree to some of the topics, at least as narrowed.  Below is a compromise to which we could agree if it would resolve all outstanding issues concerning NVIDIA's subpoena.  Please let us know if NVIDIA agrees.

1. Subject to and without waiving its objections, Knobbe Martens would be willing to designate a witness on topics 1, 2 (narrowed to the Asserted Patent),  4, 7, 8 (narrowed to the Asserted Patent), and 10 (narrowed to the Asserted Patent) if the parties reach an overall agreement on the topics.
2. Regarding Topics 12: NVDIA already has the opportunity to probe the prosecuting attorneys' technical knowledge at their individual depositions (though Knobbe fails to see the relevance

of that topic and reserves all rights to object to such questioning at the deposition).  NVIDIA has identified no basis to require Knobbe Martens to prepare and designate one or more attorneys to testify regarding the technical knowledge of <u>all</u> its attorneys.

3. <u>Regarding Topics 5 & 6</u>: NVIDIA already has the opportunity to ask the prosecuting attorneys about facts relating to inventorship, conception, and reduction to practice within their personal knowledge (though, again, Knobbe reserves the right to object to such questioning at the deposition).  Knobbe objects to NVIDIA's attempt to seek opinions and testimony from Knobbe Martens regarding legal issues or potential issues in the case.

4. <u>Regarding Topic 11 & 13</u>: Knobbe and ACS are not presently intending to testify at trial regarding statements between them.  That should resolve Topics 11 and 13.  NVIDIA's demand that Knobbe and ACS agree in advance to exclude testimony regardless of the circumstances or issues at that time—such as new defenses (e.g., inequitable conduct)—is not reasonable or workable.

Please let us know if NVIDIA agrees to the above proposal.

Best,
Steve

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Tuesday, August 9, 2022 10:50 PM
**To:** Stephen Larson <Stephen.Larson@knobbe.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

Counsel,

As we repeatedly stated, the scope of the many of NVIDIA's topics are driven by positions that ACS has taken in the case.  It is highly concerning that Knobbe, as counsel for ACS, is taking broad positions regarding patents **other than** the Asserted Patent in this litigation; yet, as demonstrated by your email below, Knobbe seeks to prevent NVIDIA from engaging in discovery regarding those broad positions regarding those other patents and seeks to limit NVIDIA's discovery to only the Asserted Patent.  Knobbe's behavior is fundamentally prejudicial and unfair to NVIDIA.  We remain willing to discuss limiting scope of topics with Knobbe to seek to avoid burdening the Court; however, we will not agree to limit discovery solely to the Asserted Patent, given ACS and Knobbe's positions in the litigation, is a non-starter.

NVIDIA repeatedly explained the potential for significant narrowing once Knobbe Martens and ACS stipulated that:

(1) ACS would not call anyone from Knobbe Martens as a witness; and
(2) no ACS fact or expert witness would rely upon any statement or information obtained from Knobbe Martens.

Without this stipulation, NVIDIA must assume ACS intends to rely upon or call Knobbe Martens at trial—and, thus, must depose Knobbe Martens to obtain the full scope of potential testimony at trial. Should ACS agree to stipulate to (1) and (2) above, we can discuss significant narrowing of the subpoena.

Knobbe Marten's request to narrow the topics to just the Asserted Patent is consistent with ACS' position taken in the litigation. As explained during the meet and confer, the Asserted Patent is part of a family and Knobbe Martens prosecuted the entire family. Furthermore, ACS has injected this family in the case as ACS is relying on patents in the family for priority and conception and reduction to practice. Thus, at a bare minimum, NVIDIA is entitled to ask questions about the prosecution of the entire family.

Furthermore, as also explained during the meet and confer, Dean Dauger, a named inventor on the Asserted Patent, submitted a declaration to the USPTO saying that he allegedly developed the technology behind the Asserted Patent after he "began to explore ways to improve MGT"—a product for which ACS filed patents with Knobbe Martens as prosecution counsel. Declaration of Dean Dauger, IPR2021-00020, Ex. 2030, at ¶¶ 22–23 (Feb. 9, 2021); *see also* U.S. Pat. Nos. 8,849,889, 8,402,080; U.S. Prov. Pat. App. No. 60/720,442. NVIDIA, thus, also seeks information related to the patents filed for MGT, which was the precursor to the alleged technology behind the Asserted Patent.

NVIDIA is pursuing discovery as to potential inventorship defenses. As ACS' counsel admitted on the call, it is aware that NVIDIA is and has been seeking information related to possible inventorship defenses. As stated during the meet and confer NVIDIA's requests to Knobbe are related to NVIDIA's investigation of a possible inventorship defenses.

One of the main goals of this subpoena is to prevent ACS from surprising NVIDIA—not the other way around—by calling or relying upon information from Knobbe Martens at trial.

Based on your current responses, we understand that Knobbe is refusing to make a witness available for deposition. If Knobbe is changing its position, please let us know. Otherwise, we will need to seek Court intervention.

Regards,
Carrie

---

**From:** Stephen Larson <Stephen.Larson@knobbe.com>
**Sent:** Thursday, July 28, 2022 12:39 PM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

 EXTERNAL MESSAGE

Counsel,

I write regarding the meet and confer concerning NVIDIA's subpoena to Knobbe Martens.

I had hoped the parties could meet and confer in good faith to narrow and resolve disputes.  For example, I suggested Knobbe may be able to compromise and provide some testimony on NIVIDIA's topic nos. 1, 2 (if narrowed to the Asserted Patent),  7, and 10 (if limited to the Asserted Patent) if the parties could reach an overall agreement.

NVIDIA repeatedly refused to narrow its topics.  At best, NVIDIA offered a vague proposal that, if (1) Knobbe and ACS agreed that neither would testify at trial regarding statements from Knobbe to ACS then (2) NVIDIA may drop topics 11 and 13.  NVIDIA suggested that such a representation might also narrow other topics.  But NVIDIA refused to identify those topics or otherwise commit to any such narrowing.

When asked to explain the relevance of its topics, NVIDIA repeatedly provided answers that were vague and failed to justify the broad scope of discovery NVIDIA seeks.  During the call, it became clear that many of NVIDIA's topics are directed to defenses/theories that NVIDIA has not yet asserted, articulated and/or disclosed in the litigation.

For example, NVIDIA stated it is pursuing "inequitable conduct," but refused to articulate its allegations even at a high level.  Knobbe Martens objects to NVIDIA's attempt to force Knobbe Martens and its attorneys to testify and provide broad and burdensome discovery regarding an inequitable conduct defense that is not in the case and as to which Knobbe Martens has no notice.

Indeed, it appears that NVIDIA's strategy is to force Knobbe Martens to prepare witnesses on exceedingly broad topics (such as the date when Knobbe Martens first learned of every prior art reference during the prosecution of every related patent), so NVIDIA can avoid disclosing its theories and surprise Knobbe Martens' witnesses at their depositions.  That is improper.

NVIDIA also suggested it is exploring "inventorship" of the various patents and that NVIDIA is interested in "no prior art" statements by ACS.  I repeatedly asked NVIDIA to explain its allegations so the parties could meet and confer to narrow the scope of the topics.  NVIDIA repeatedly provided vague answers that failed to justify its broad topics.

I explained and maintained Knobbe Martens' objections to each topic.  For example, I explained that (1) Topics 2, 3, 8, 9, 10 seek burdensome discovery regarding patents other than the Asserted Patent; (2) Topics 5 and 6 seek legal testimony on issues and contentions in this case (e.g., inventorship, conception and reduction to practice, and obviousness) and (2) Topics 11 and 12 demand that Knobbe explain its knowledge of technical concepts (such as cluster computing systems and FFTW).  NVIDIA failed to articulate any valid justification for pursuing discovery regarding these or other topics from Knobbe Martens.

Despite NVIDIA's refusals to narrow or compromise, I said Knobbe Martens would examine the

13

topics again and determine whether we can agree to some of the topics if narrowed.  I ask that NVIDIA do the same.

Thanks,
Steve

**Stephen Larson**
Partner

949-721-5301 **Direct**

**Knobbe Martens**

---

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Tuesday, July 26, 2022 8:53 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; ACSService <ACSService@knobbe.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>; Stephen Larson <Stephen.Larson@knobbe.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

Carrie,

We objected to NVIDIA's 30(b)(6) subpoena and stated our willingness to meet and confer.  If NVIDIA is still pursuing a 30(b)(6) deposition, please let us know when NVIDIA is available to meet and confer this week.  To the extent Knobbe does provide 30(b)(6) testimony, we expect that Mr. Cannon and/or Mr. Smemoe will be the designated witnesses.  Thus, our proposed dates are contingent on the parties, or if necessary the court, resolving any outstanding Knobbe 30(b)(6) issues by those dates.

Best,
Cheryl

**Cheryl Burgess**
Partner

949-721-2935 **Direct**

**Knobbe Martens**

---

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Monday, July 25, 2022 9:53 PM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

Cheryl,

The dates for Mr. Cannon and Mr. Smemoe work (August 16 and 18 respectively).  Will one also be Knobbe's designated witness?

Please let us know when Mr. Bancroft and Dr. Singh will be available for deposition.

Thanks,
Carrie

---

**From:** Cheryl.Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Tuesday, July 19, 2022 10:13 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>
**Subject:** RE: ACS v. NV - Deposition Scheduling and Format

⚠ EXTERNAL MESSAGE

Carrie,

We will have to get back to you regarding video conferencing for depositions.

We can confirm that Mr. Cannon is available on August 16 and Mr. Smemoe is available on August 18.  We are still investigating dates for the remaining individuals and will follow-up once we have additional availability dates.

Best,
Cheryl

**Cheryl Burgess**
Partner
949-721-2935 **Direct**
**Knobbe Martens**

---

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Monday, July 18, 2022 2:20 PM
**To:** ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>
**Subject:** ACS v. NV - Deposition Scheduling and Format

Cheryl,

We are working on dates for the NVIDIA witnesses.  Please confirm that your

understanding is that depositions in the case (whether it is of ACS, NVIDIA or third parties) will take place via video conferencing.

When will ACS be in a position to provide dates for Mr. Tannenbaum, Dr. Dauger, Ms. Tannenbaum, ACS' 30(b)(6) witnesses, Knobbe, Mr. Smemoe, Mr. Cannon, Dr. Singh, and Mr. Bancroft?

Thanks,
Carrie

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not

the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.