IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CLUSTER SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-2032-MN-CJB |
| ) | |
| NVIDIA CORPORATION, NVIDIA ) | |
| SINGAPORE PTE. LTD., and NVIDIA ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

**REPLY LETTER TO THE HONORABLE CHRISTOPHER J. BURKE IN SUPPORT OF
KNOBBE MARTENS' MOTION TO QUASH AND FOR A PROTECTIVE ORDER**

OF COUNSEL:
Jon W. Gurka
Brian Claassen
Cheryl Burgess
Pushkal Mishra
KNOBBE, MARTENS, OLSON
& BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760 0404

Karl W. Kowallis
KNOBBE, MARTENS, OLSON
& BEAR, LLP
115 Avenue of the Americas, 24th Floor
New York, NY 10036
(212) 849-3024

Ben K. Shiroma
KNOBBE, MARTENS, OLSON
& BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiff*

Dated: September 19, 2022

Dear Judge Burke:

NVIDIA fails to justify its exceedingly broad subpoena topics. NVIDIA argues **Topics 2, 8, 9, 10 and 13** are appropriate because ACS (1) pointed to an early application's "filing date"; (2) relied on the U.S. patent family to allege "willful infringement," and (3) identified two "inventors" as knowledgeable about ownership, conception, etc. NVIDIA fails to explain why a *law firm*'s testimony on those topics is somehow relevant or proportional to this case. Even if it were, none of NVIDIA's topics are directed to the above issues. Instead, even as "narrowed," NVIDIA's topics seek testimony regarding the *entirety* of the "prosecution" of numerous patents and patent applications other than the patent-in-suit. NVIDIA even demands that Knobbe identify the dates *any* Knobbe lawyer first learned of at least 100 cited references (and many hundreds of additional references under NVIDIA's broad definition of "Related"). NVIDIA also does not dispute that Knobbe would also have to perform a *legal analysis* to identify potentially thousands of documents "related" to "secondary considerations" under NVIDIA's broad definition of "Related."

NVIDIA argues **Topic 3** ("The prosecution of the MGT Patents") is relevant because (1) an inventor said the Asserted Patent was an improvement on the MGT patents; (2) the MGT patents were filed around the same time and relate to the same technology; and (3) the MGT patents include inventors not included on the Asserted Patent. Again, NVIDIA fails to explain why a *law firm*'s testimony is somehow relevant to these issues. Even if it were, Topic 3 is not directed to these issues and instead seeks testimony regarding the *entirety* of the "prosecution" of four *unasserted* "MGT" patents and patent applications. Contrary to NVIDIA's argument, Opp. at 3 n.2., Knobbe maintained during the parties' meet and confers that the word "prosecution" is not "reasonably particular" in this and other requests. *See* Ex. 5 at 7. NVIDIA clearly has specific topics it seeks to cover, but refuses to disclose them in an attempt to surprise Knobbe's attorneys with undisclosed allegations of prosecution misconduct. Indeed, NVIDIA never disputes it is pursuing an *unpled* and undisclosed inequitable conduct defense. Such discovery is not "relevant to any party's claim or defense," much less "proportional," as required by Rule 26(b)(1).

NVIDIA does not dispute that **Topics 5 and 6** are *contention* topics. NVIDIA also never addresses Knobbe's precedent holding that such topics are improper. NVIDIA instead speculates that Knobbe may present testimony on these topics at trial. Knobbe has no intention of doing so, but is understandably hesitant to enter a stipulation with a party studiously hiding its allegations.

Finally, NVIDIA characterizes **Topics 11-12** as seeking "discovery on knowledge of the prior art…." Opp. at 3. But these topics say nothing about "prior art." Topics 11 and 12 require Knobbe to collect and provide the collective *technical* knowledge of nearly 300 attorneys and scientists. NVIDIA never explains why it requires such technical testimony from a *law firm*. Even if such testimony were somehow relevant, NVIDIA can question the prosecuting attorneys. NVIDIA fails to explain why such testimony would be insufficient. Instead, NVIDIA speculates once again regarding what Knobbe "might testify at trial." Opp. at 3. While Knobbe has no intention of presenting trial testimony on Topics 11-12, nothing requires Knobbe to enter broad stipulations with a party intentionally hiding its allegations. NVIDIA is required to identify its topics with reasonable particularity and must pursue discovery that is reasonable and proportional. *See Straight Path IP Grp., Inc. v. Blackberry Ltd.*, 2014 WL 3401723, at *5 (N.D. Cal. July 8, 2014) (discovery requests should be "reasonable from the start").

- 2 -

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (by CM/ECF & Hand Delivery)
    Counsel of Record (by CM/ECF & Electronic Mail)