

**DLA Piper LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801-1147

Stephanie E. O'Byrne
Stephanie.OByrne@dlapiper.com

September 13, 2022
*Via ECF*

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street, Room 2325
Wilmington, DE 19801-3555



Re: *Advanced Cluster Sys., Inc. v. NVIDIA Corp.*, C.A. No. 1:19-cv-02032-MN-CJB

Dear Judge Burke:

NVIDIA submits this opposition to Knobbe Martens Olson & Bear LLP's ("Knobbe") motion to quash (D.I. 197) and cross-moves to compel on NVIDIA's subpoena to Knobbe. D.I. 197, Ex. 3.

Knobbe's motion to quash should be denied, and Knobbe should be compelled to provide a testimony on disputed Topics 2, 3, 5, 6, 8[a], 9-13.

In July 2022, NVIDIA served targeted Rule 45 subpoenas for depositions of Knobbe (D.I. 197, Ex. 3) and the two Knobbe attorneys who prosecuted the Asserted Patent and its family—Lance Smemoe and Ted Cannon. *Id.*, Ex. 1, 2. Knobbe, Mr. Cannon, and Mr. Smemoe all agreed to appear for deposition. The only dispute is the scope of the topics for the Knobbe deposition. Knobbe agreed to provide testimony on Topics 1, 4, 7 and 8[b] but improperly limits or refuses to provide a witness on Topics 2, 3, 5, 6, 8[a], 9-13. D.I. 197, n.1 and 3. Knobbe has refused to produce Mr. Cannon and Mr. Smemoe until the Knobbe deposition scope is decided. *Id.*

Knobbe both prosecuted ACS' patents—including the Asserted Patent and the patent applications from which the Asserted Patent claims priority—and also represents ACS in this litigation. D.I. 1-4. Knobbe, as counsel for ACS, has taken broad positions in this litigation, such as injecting the entire family of the Asserted Patent, and other related patents, into this litigation as relevant to issues of willfulness, conception and priority. However, when NVIDIA has sought discovery from Knobbe on the family of the Asserted Patent and the other related patents, Knobbe has claimed such information was irrelevant. Knobbe, and by extension ACS, cannot have it both ways.

Knobbe's motion also ignores the compromise positions that NVIDIA offered during meet and confers. NVIDIA repeatedly offered to drop several topics if ACS and Knobbe agreed to stipulate that a Knobbe attorney would not testify and no fact or expert witness would rely on or testify about anything a Knobbe attorney said regarding those Topics. Because neither ACS nor Knobbe will confirm that ACS will not call anyone from Knobbe as a witness or offer testimony on a statement made by a Knobbe attorney, NVIDIA is entitled to testimony on every topic.

**Knobbe Will Not Provide Discovery On the "Related Patents" Upon Which ACS Relies (Topics 2, 8, 9, 10 and 13)**. ACS' lawyers, Knobbe, assert the U.S. Family of the Asserted Patent is relevant while at the same time refusing to provide discovery on it. The Asserted Patent is U.S. Patent No. 10,333,768, and its U.S. family consists of U.S. Patent Nos. 8,676,877, 8,140,612, and



September 13, 2022
Page Two

8,082,289, U.S. Provisional Patent Applic. Nos. 60/813,738, 60/850,908, and 60/757,573 (collectively, "U.S. Family"). D.I. 1-4 ('768 patent). ACS claims the Asserted Patent is entitled to the filing date of at least the '908 provisional—through the '877, '612, '289 patents and the '738 provisional—and cites the '573 provisional in support of its claimed conception date. Ex. A at 12. ACS also relies on the U.S. Family to support its willful infringement allegation. D.I. 79, ¶¶ 134–36. In addition, ACS' August 26, 2022 supplemental initial disclosures identify the two named inventors of the Asserted Patent as knowledgeable about "ownership, conception, reduction to practice, and subject matter of U.S. Patent Nos. 8,082,289, 8,140,612, 8,676,877, and 10,333,768," indicating ACS may offer testimony about these patents at trial. Ex. B at 2, 3. Knobbe's attempt to limit discovery to the Asserted Patent only (D.I. 197 at 2-3) is prejudicial to NVIDIA given the positions it has taken as counsel for ACS in this case.

NVIDIA stated in meet and confer it was willing to narrow its topics on "Related Patents" to the Asserted Patent and its U.S. Family Members. D.I. 197, Ex. 5 at 8. As such, ACS' claim that NVIDIA is pursuing discovery on 34 patents and applications as "Related Patents" (D.I. 197 at 1, 2) is both inaccurate and inconsistent with the record that Knobbe submitted to the Court. D.I. 197, Ex. 5 at 8. The Court should compel Knobbe to provide testimony on the Asserted Patent and the U.S. Family in response to Topics 2, 8,[1] 9, 10 and 13.

**Knobbe Will Not Provide Discovery on MGT Patents But ACS Relies on MGT For Its Claimed Conception (Topic 3).** NVIDIA filed IPRs challenging the validity of the Asserted Patent and the U.S. Family. Knobbe, as counsel for ACS in the PTAB, filed responses in each IPR proceeding that included a declaration by a named inventor, Dean Dauger, asserting the claimed inventions in the Asserted Patent were the result of "explor[ing] ways to improve MGT [Math Grid Toolkit]." Ex. C (Dauger Decl.), ¶ 23, ¶ 22; *see also* Ex. A at 10-11 (noting MGT as part of alleged conception). ACS, with Knobbe as its prosecution counsel, filed patents on MGT: U.S. Patent Nos. 8,849,889 and 8,402,080, U.S. Patent App. No. 11/527,319, and U.S. Prov. Patent No. 60/720,442 ("MGT Patents"). Ex. D ('889 patent). These patents were filed at the same time of the Asserted Patent and generally relate to the same technology. *Id*. The MGT patents have some of the same inventors as the Asserted Patent (Mr. Dauger and Mr. Tannenbaum) along with other inventors (Ariela Tannenbaum, Bryan Minor, Tamas Frajka, John Westerhoff). *Id.* Knobbe, as ACS' counsel, has known of NVIDIA's improper inventorship defense based in part on MGT. *See, e.g.,* Ex. E (8/17/21 Inv. Contentions) at 141, Ex. F (2/18/22 Letter) (seeking discovery from

---

[1] Knobbe's claim that Topic 8[a] should be quashed because it "requires Knobbe to perform a legal analysis of what may be considered a 'secondary consideration' of 'nonobviousness' in this case" falls flat. D.I. 197 at 2-3. Indeed, Knobbe has already made 15 pages of arguments about just these issues: how the patent owners' products met a long-felt, unmet need; the claimed invention's surprising results; failure of others to meet this need; industry praise; initial skepticism; and purported copying of the claimed invention. Ex. G ('768 POPR) at 34-49. Knobbe cannot make these assertions and then preclude NVIDIA from probing those assertions.



September 13, 2022
Page Three

ACS on the MGT patent family). Based on the sworn relevance of MGT (including as part of claimed conception), Knobbe should be compelled to provide testimony on Topic 3.[2]

**Knobbe's Refusal to Provide Discovery On Inventorship (Topics 5, 6).** Topics 5 and 6 seek testimony on inventorship, conception, and reduction to practice of each claim of the Asserted Patent and each claim of the '877 patent. The '786 patent is terminally disclaimed to U.S. Patent No. 8,676,877. The determination of inventorship of the purported inventions in the Asserted Patent is highly relevant to the litigation. NVIDIA stated during the meet and confer that it would forego these Topics if ACS and Knobbe stipulated that a Knobbe attorney would not testify—and that no fact or expert witness will rely on or testify—about any Knobbe attorney statements related to these Topics. D.I. 197, Ex. 5, at 9. NVIDIA also explained this stipulation would not apply "should the conduct of a Knobbe attorney become at issue in the case." *Id.* at 8. Knobbe refused. Knobbe cannot refuse to provide information on these topics during discovery yet seek to preserve the ability to have a witness testify at trial regarding the same topics.

**Knobbe Refused to Provide Discovery on Knowledge of The Prior Art (Topics 11-12)**. Cluster computer systems with peer-to-peer architecture and FFTW are highly relevant to numerous issues on prior art and secondary considerations of non-obviousness. NVIDIA offered to drop these topics if ACS and Knobbe agreed to the aforementioned stipulation that no testimony would be offered by or about Knobbe attorney statements related to these Topics. *See* D.I. 197, Ex. 5, at 8-9. Knobbe refused. If Knobbe might testify at trial, it cannot refuse to provide discovery on the same. Knobbe should be compelled to provide testimony on Topics 11-12.

NVIDIA respectfully requests that the Court deny Knobbe's motion to quash and compel Knobbe to provide testimony on the topics in NVIDIA's subpoena as articulated in this letter.

                                                                                                Respectfully,

                                                                                                */s/ Stephanie E. O'Byrne*

                                                                                                Stephanie E. O'Byrne (DE Bar #4446)

---

[2] Knobbe suggests for the first time that "prosecution" in Topics 2 and 3 were not "reasonably particular" (D.I. 197 at 2); however, Knobbe never previously raised this issue and offered to designate a witness as to Topics 2 and 3 limited to the Asserted Patent. D.I. 197, Ex. 5 at 10.