IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CLUSTER SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NVIDIA CORPORATION, NVIDIA )<br>SINGAPORE PTE. LTD., and NVIDIA )<br>INTERNATIONAL, INC., )<br>)<br>Defendants. ) | **Redacted - Public Version**<br><br>C.A. No. 19-2032-MN-CJB |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE**
**FROM NATHAN R. HOESCHEN**

OF COUNSEL:
Jon W. Gurka
Brian Claassen
Cheryl Burgess
Pushkal Mishra
KNOBBE, MARTENS, OLSON
& BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760 0404

Karl W. Kowallis
KNOBBE, MARTENS, OLSON
& BEAR, LLP
115 Avenue of the Americas, 24th Floor
New York, NY 10036
(212) 849-3024

Ben K. Shiroma
KNOBBE, MARTENS, OLSON
& BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450

Dated: October 10, 2022

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiff*

Dear Judge Burke:

ACS respectfully requests that the Court modify the existing Scheduling Order to provide ACS with no more than two hours of deposition time with each of IBM, Dell, and Lenovo and one hour of deposition time for the already completed deposition of Cisco to establish the authenticity and admissibility of documents produced by these third-parties related to infringement.

## I.       ACS Has Good Cause for Limited Additional Deposition Time

ACS has good cause for additional deposition time in excess of the 70 hours contemplated by the Scheduling Order.  ACS could not have foreseen at the time the parties negotiated the 70 hours of deposition time in the initial Proposed Scheduling Order that NVIDIA would ultimately identify thirteen NVIDIA employees on its supplemental initial disclosures, and designate ten 30(b)(6) witnesses.  Even limiting ACS's depositions to the permitted seven hours with each of NVIDIA's 30(b)(6) designees would have used the entire negotiated 70 hours, leaving no time for third-party depositions.  ACS ultimately deposed only two additional NVIDIA employees beyond those designated by NVIDIA as 30(b)(6) witnesses, and served a limited number of subpoenas for depositions to third-parties relevant to ACS's indirect infringement claims.  ACS's additional requested deposition time is reasonable in view of the number of NVIDIA witnesses and the need for third-party discovery relevant to indirect infringement.  The additional time will be used exclusively for the purpose of addressing authenticity and admissibility issues for third-party documents in an effort to avoid evidentiary disputes later in the case.

## II.      NVIDIA Is Not Prejudiced

NVIDIA has not identified any prejudice because of ACS's request.  ACS seeks short depositions of third-parties to avoid later evidentiary disputes.  If NVIDIA chooses to attend the depositions, the time investment is small and will likely avoid an equal or greater amount of time spent on evidentiary disputes later in the case.

ACS, on the other hand, is prejudiced if it is not granted the additional time.  NVIDIA identified a large number of NVIDIA employees as having relevant knowledge in the case, as well as a large number of 30(b)(6) designees.  After leading ACS to believe that NVIDIA was willing to agree to some amount of additional deposition time if necessary, and that NVIDIA was wiling to enter into a stipulation to obviate the need for depositions to address third-party document admissibility and authenticity, NVIDIA now refuses to do either.  ACS allocated its available deposition time in view of NVIDIA's representations.  NVIDIA's current reversal appears to be tactical and intended to deprive ACS of the ability to rely on the third-party documents in support of indirect infringement at trial.  ACS's request should be granted to avoid prejudice to ACS.

## III.     Background

The parties negotiated for, and the Court ordered, 70 hours of taking testimony of fact witnesses in the initial proposed Scheduling Order.  D.I. 17 at 12.  NVIDIA identified four employees in its initial disclosures on March 18, 2022.  Ex. 1 at 3.  NVIDIA identified an additional seven employees in its supplemental initial disclosures on July 6, 2022.  Ex. 2 at 3–4.  ACS promptly wrote to NVIDIA on July 14, 2022, noting its intention to seek an additional 21 hours of

deposition time in view of the number of possible NVIDIA witnesses. Ex. 3 at 2. NVIDIA agreed to get back to ACS (*id.* at 1), but never did. On July 22, 2022, NVIDIA identified nine individuals as 30(b)(6) designees on various deposition topics, three of whom were not yet on NVIDIA's initial disclosures. Ex. 4. At that time, ACS also had subpoenas outstanding to five third-parties for documents and testimony relevant to ACS's indirect infringement claims. D.I. 123 at 3; D.I. 130 at 3. ACS followed up on its request for additional deposition time on August 12, 2022. Ex. 5. ACS did not receive a written response, so ACS raised the issue during a meet and confer later that day. Ex. 6 at 2–3. During that meet and confer, NVIDIA expressed doubt that ACS would require additional time in view of the number of deposition hours and scheduled depositions remaining. *Id.* NVIDIA indicated it was not opposed to agreeing on some additional deposition hours if necessary, but indicated that ACS would need to revise its request for 21 additional hours based on the actual hours used and remaining scheduled depositions. *Id.*

After the meet and confer, ACS determined that it was unlikely to require any additional deposition time. By that time, ACS had already conducted five depositions and used about 25 hours. ACS had narrowly tailored its requested party depositions, and withdrawn its requests for some NVIDIA's employees identified on NVIDIA's initial disclosures. ACS therefore had only six additional party depositions scheduled, and 45 hours remaining. Accordingly, ACS calculated that it would be able to complete the scheduled party depositions, and still have time remaining for third-party depositions regarding document authentication and admissibility.

Subsequently, NVIDIA identified another 30(b)(6) witness on August 22, 2022. Ex. 7. By that time, ACS had already begun to discuss with NVIDIA a stipulation regarding authenticity and admissibility of third-party documents to obviate the need for third-party depositions. Exs. 8-9. ACS had also begun to discuss with the third-parties declarations to obviate the need for third-party depositions. ACS therefore anticipated it would be able to complete the newly scheduled 30(b)(6) deposition with the remaining deposition time, and that it would not need additional time for third-party depositions.

Unfortunately, with one exception, ACS has thus far been unable to obtain from NVIDIA stipulations regarding the authenticity and admissibility of third-party documents that would obviate the need for third-party depositions. ACS proposed a draft stipulation to NVIDIA that addressed Fed. R. of Evid. 803(6), 901, and 1006. NVIDIA initially responded that "I believe that NVIDIA and ACS (and Super Micro and UCLA, for example) will be able to reach an agreement regarding a stipulation." Ex. 8 at 2. However, when NVIDIA finally provided its counter-proposal, NVIDIA failed to address significant points from ACS's initial draft, including admissibility of the third-party documents as business records under Fed. R. Evid. 803(6) and the use of summaries under Fed. R. Evid. 1006. *See* Exs. 10–11. NVIDIA's counter-proposal also included the language "[n]othing in this Stipulation and Order shall have any effect on the authenticity or admissibility of any document or evidence." NVIDIA's counter-proposal therefore did not eliminate the need for depositions regarding authenticity and admissibility of third-party documents, and was contrary to the entire purpose of ACS's proposed stipulation. Ex. 11 at 2.

ACS has also thus far been unable to secure declarations from all third-parties that obviate the need for third-party depositions. One third-party, Cisco, opted to sit for a deposition in lieu of providing a declaration that addressed each of the trial admissibility issues. Ex. 12 at 2. ACS conducted that deposition pursuant to court order (Ex. 13 at D.I. 10), and Cisco's indication that

its witness would appear on September 27, 2022 (Ex. 14 at 1).  At the time of the deposition ACS calculated that it had approximately 30 minutes of deposition time remaining.  But ACS has subsequently learned of a deposition transcript error underlying its earlier calculation, and ACS actually had only about two minutes remaining.  *Compare* Ex. 15 at 259:11–13 ("The time is 4 p.m.") *with* Ex. 16 at 259:11–13 (error indicating that "The time is 4 p.m." at timestamp for 7:35 p.m. eastern / 4:35 p.m. pacific).  One third-party, Super Micro, has provided a declaration that obviated the need for a deposition, but ACS is still working with IBM, Dell, and Lenovo on similar declarations in lieu of NVIDIA's cooperation.

Although NVIDIA had originally indicated a willingness to agree to some additional deposition time beyond the stipulated 70 hours, NVIDIA has since switched its position entirely. During the meet and confer in advance of this motion, NVIDIA confirmed that it opposes any additional deposition time for ACS, necessitating this motion.  ACS therefore seeks an additional 47 minutes of deposition time for the already completed third-party deposition of Cisco.  ACS also seeks six hours of time for depositions of IBM, Dell, and Lenovo in the event these third-parties, like Cisco, opt to sit for a deposition instead of providing a fulsome declaration.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc: Clerk of the Court (by CM/ECF)
     Counsel of Record (by CM/ECF & Email)

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED CLUSTER SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-2032-MN-CJB |
| | ) | |
| NVIDIA CORPORATION, NVIDIA | ) | |
| SINGAPORE PTE. LTD., and NVIDIA | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION
TO MODIFY THE SCHEDULING ORDER**

At Wilmington this ____ day of _____, 2022, the Court having considered Plaintiff's

Motion to Motion to Modify the Scheduling Order, and all papers and argument submitted

therewith, hereby ORDERS that the motion is GRANTED as follows:

1.     Advanced Cluster Systems, Inc. ("ACS") shall have an additional 47 minutes of

deposition time allotted for the deposition of third-party Cisco Systems, Inc., which occurred on

September 27, 2022.

2.     ACS shall have an additional 6 hours of deposition time allotted to depose third-

parties International Business Machines Corporation, Dell Technologies Inc., and Lenovo (United

States) Inc., regarding trial admissibility issues related to the documents produced by these third-

parties.

_____
United States Magistrate Judge

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ADVANCED CLUSTER SYSTEMS, INC.,

        Plaintiff,

        v.

NVIDIA CORPORATION,

        Defendant.

C.A. No. 19-cv-2032-CFC

JURY TRIAL DEMANDED

## DEFENDANT NVIDIA CORPORATION'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendant NVIDIA

Corporation ("NVIDIA"), by and through its counsel, hereby provides the following initial

disclosures. NVIDIA makes this Initial Disclosure Statement based upon its current knowledge

and information reasonably available at this time.  NVIDIA's investigations are ongoing, and

discovery is not yet complete.  NVIDIA reserves the right to supplement or correct the

disclosures as information is acquired pursuant to Federal Rule of Civil Procedure 26(e).

These disclosures apply to United States Patent 8,082,289 (the "'289 patent"), 8,140,612

(the "'612 patent"), 8,676,877 (the "'877 patent"), and 10,333,768 (the "'768 patent")

(collectively, the "Asserted Patents").  These disclosures are made without waiver of, and

without prejudice to, any objections NVIDIA may have regarding the discoverability or

admissibility of the subject matter of these disclosures or any documents or individuals

identified herein.  NVIDIA expressly reserves all objections, including but not limited to those

based on (a) relevance; (b) attorney-client privilege; (c) work product protection; (d) any other

applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality;

(g) over-breadth; (h) inadmissibility in evidence of these disclosures or the subject matter

thereof; and (i) producing proprietary and confidential business information, financial data and trade secrets that belong to NVIDIA or to individuals and entities with whom NVIDIA conducts, or has conducted, business.  All such objections are expressly reserved.

### (I)      Persons Having Relevant Knowledge/Subject of Information

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), NVIDIA identifies the following individuals who are likely to have discoverable information that NVIDIA may use to support its claims or defenses.  Plaintiffs have not yet produced contentions regarding how NVIDIA allegedly infringes the Asserted Patents and have failed to sufficiently identify any specific functionality Plaintiffs allege is at issue in this case.  NVIDIA reserves the right to identify additional or different persons at a later time based on ongoing investigation and discovery.  NVIDIA is presently aware of the individuals and organizations identified below as potentially having discoverable information that NVIDIA may use to support its claims or defenses.  NVIDIA does not represent that these custodians have relevant documents in their possession, custody or control, and does not waive its right to object to the production of any document or tangible thing in the possession of any of these custodians on the basis of privilege, the work product doctrine, relevance, or any other valid objection.  NVIDIA will not agree to make the individuals identified below available for deposition if later disclosures by Plaintiffs reveal that there are more appropriate individuals knowledgeable regarding the accused functionalities.  NVIDIA may supplement and revise its disclosures based on further investigation and discovery, as appropriate.

By listing these individuals and entities, NVIDIA does not authorize Plaintiffs to communicate with NVIDIA's past or present employees. Instead, all communications should be made through NVIDIA's counsel in this case.

**(A) NVIDIA Employees or Consultants Having Relevant Knowledge**

| Name | Contact Information | Subject Matter |
|---|---|---|
| ███████ | Contact through NVIDIA's counsel only | ███████ |
| ███████ | Contact through NVIDIA's counsel only | ███████ |
| ███████ | Contact through NVIDIA's counsel only | ███████ |
| ███████ | Contact through NVIDIA's counsel only | ███████ |

NVIDIA also reserves the right to rely upon and call as a witness any person listed in Plaintiffs' Rule 26(a)(1) disclosures.

**(B) Other Persons Having Relevant Knowledge**

| Name | Contact Information | Subject Matter |
|---|---|---|
| Dean Dauger<br><br>Named inventor of the asserted patents | PO Box 3074, Huntington Beach, CA 92605 USA | It is believed that Dean Dauger has information relating to the conception, development, reduction to practice, patent prosecution, claim construction and invalidity of the alleged inventions of the Asserted Patents. |

| | | |
|---|---|---|
| Zvi Tannenbaum<br><br>Named inventor of the asserted patents | 220 Newport Center Drive #11-202<br>Newport Beach, CA 92660 | It is believed that Zvi Tannenbaum has information relating to the conception, development, reduction to practice, patent prosecution, claim construction and invalidity of the alleged inventions of the Asserted Patents. |
| Viktor K. Decyk<br><br>Research Physicist, Adjunct Professor | UCLA Institute for Digital Research and Education<br>5308 Math Sciences<br>Box 951557, Mail Code 155705<br>Los Angeles, CA 90095-1557 | It is believed that Mr. Decyk has information relating to invalidity of the alleged inventions of the Asserted Patents. |
| Knobbe Martens Olson & Bear, LLP<br><br>Prosecuting firm for the asserted patents | One Market Plaza,<br>24th floor<br>San Francisco, CA 94105 | It is believed that Knobbe Martens Olson & Bear, LLP has information relating to the conception, development, reduction to practice, patent prosecution, claim construction and invalidity of the alleged inventions of the Asserted Patents. |
| Dauger Research, Inc. | PO Box 3074, Huntington Beach, CA 92605 USA | It is believed that Dauger Research has information relating to the conception, development, reduction to practice, patent prosecution, claim construction and invalidity of the alleged inventions of the Asserted Patents. |
| UCLA | University of California<br>Office of the President<br>1111 Franklin Street, 8th Floor<br>Oakland, CA 94607 | It is believed that UCLA has information relating to NVIDIA's affirmative defenses. |
| Wolfram Research | 100 Trade Center Drive<br>Champaign, IL 61820-7237 | It is believed that Wolfram Research has information relating to prior art to the alleged inventions of the Asserted Patents. |
| Maplesoft | 615 Kumpf Drive<br>Waterloo, ON Canada<br>N2V 1K8 | It is believed that Maplesoft has information relating to prior art to the alleged inventions of the Asserted Patents. |

**(II)      Documents and Things**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), the categories of documents listed below may be used to support NVIDIA's claims and defenses, and some of the identified categories are within the possession, custody, or control of NVIDIA or its counsel:

1.      Documents and materials relating to the Asserted Patents, including documents and materials concerning the prosecution of the applications leading to those patents.

2.      Documents and materials evidencing, among other things, state of the art, invalidity and unenforceability of the Asserted Patents.

3.      Documents and materials relating to the research, development, and manufacturing of products accused of infringing the Asserted Patents.

4.      Documents and materials regarding the design, operation, functions, and features of products accused of infringing the Asserted Patents.

5.      Documents and materials relating to Plaintiffs.

6.      Documents related to any licensing of the Asserted Patents.

**(III)    Damages**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), NVIDIA seeks costs and attorneys' fees in connection with the Complaint pursuant to 35 U.S.C. § 285.

**(IV)    Indemnity and Insurance Agreements**

███████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

Dated: March 18, 2020

**OF COUNSEL:**

Mark Fowler (admitted *pro hac vice*)
Clayton Thompson (*pro hac vice* in process)
Jake Zolotorev (*pro hac vice* in process)
Carrie Williamson (*pro hac vice* in process)
Asa Wynn-Grant (*pro hac vice* in process)
Brent Yamashita (*pro hac vice* in process)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, California 94303-2214
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
mark.fowler@us.dlapiper.com
clayton.thompson@us.dlapiper.com
jake.zolotorev@us.dlapiper.com
carrie.williamson@us.dlapiper.com
asa.wynn-grant@us.dlapiper.com
brent.yamashita@us.dlapiper.com

**DLA PIPER LLP (US)**

*/s/ Denise S. Kraft*
Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com
erin.larson@dlapiper.com

*Attorneys for Defendant NVIDIA Corporation*

6

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CLUSTER SYSTEMS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 19-cv-2032-MN-CJB |
| NVIDIA CORPORATION, NVIDIA SINGAPORE PTE. LTD, AND NVIDIA INTERNATIONAL, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## DEFENDANT NVIDIA CORPORATION, NVIDIA SINGAPORE PTE. LTD, AND NVIDIA INTERNATIONAL, INC.'S FIRST SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendants NVIDIA Corporation, NVIDIA Singapore Pte. Ltd, And NVIDIA International, Inc. ("NVIDIA"), by and through its counsel, hereby provides the following supplemental initial disclosures. NVIDIA makes this Supplemental Initial Disclosure Statement based upon its current knowledge and information reasonably available at this time. NVIDIA's investigations are ongoing, and discovery is not yet complete. NVIDIA reserves the right to supplement or correct the disclosures as information is acquired pursuant to Federal Rule of Civil Procedure 26(e).

These disclosures apply to United States Patent 10,333,768 (the "'768 patent" or the "Asserted Patent"). These disclosures are made without waiver of, and without prejudice to, any objections NVIDIA may have regarding the discoverability or admissibility of the subject matter of these disclosures or any documents or individuals identified herein. NVIDIA expressly reserves all objections, including but not limited to those based on (a) relevance; (b) attorney-client privilege; (c) work product protection; (d) any other applicable privilege or protection under

1

federal or state law; (e) undue burden; (f) materiality; (g) over-breadth; (h) inadmissibility in evidence of these disclosures or the subject matter thereof; and (i) producing proprietary and confidential business information, financial data and trade secrets that belong to NVIDIA or to individuals and entities with whom NVIDIA conducts, or has conducted, business. All such objections are expressly reserved.

## I.     Persons Having Relevant Knowledge/Subject of Information

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), NVIDIA identifies the following individuals who are likely to have discoverable information that NVIDIA may use to support its claims or defenses. Plaintiff's contentions do not provide sufficient detail or explanation regarding how NVIDIA allegedly infringes the Asserted Patent and have failed to sufficiently identify any specific functionality Plaintiff allege is at issue in this case. NVIDIA reserves the right to identify additional or different persons at a later time based on ongoing investigation and discovery. NVIDIA is presently aware of the individuals and organizations identified below as potentially having discoverable information that NVIDIA may use to support its claims or defenses. NVIDIA does not represent that these custodians have relevant documents in their possession, custody or control, and does not waive its right to object to the production of any document or tangible thing in the possession of any of these custodians on the basis of privilege, the work product doctrine, relevance, or any other valid objection. NVIDIA will not agree to make the individuals identified below available for deposition if later disclosures by Plaintiff reveal that there are more appropriate individuals knowledgeable regarding the accused functionalities. NVIDIA may supplement and revise its disclosures based on further investigation and discovery, as appropriate.

███████████████████████████████████████████████████

By listing these individuals and entities, NVIDIA does not authorize Plaintiff to communicate with NVIDIA's past or present employees. Instead, all communications should be made through NVIDIA's counsel in this case.

**A.     NVIDIA Employees/Former Employees Having Relevant Knowledge**

| Name | Contact Information | Subject Matter |
|---|---|---|
| ████████ | Contact through NVIDIA's counsel only | ████████ |
| ████████ | Contact through NVIDIA's counsel only | ████████ |
| ████████ | Contact through NVIDIA's counsel only | ████████ |
| ████████ | Contact through NVIDIA's counsel only | ████████ |
| ████████ | Contact through NVIDIA's counsel only | ████████ |
| ████████ | Contact through NVIDIA's counsel only | ████████ |
| ████████ | Contact through NVIDIA's counsel only | ████████ |



| Name | Contact Information | Subject Matter |
|------|-------------------|----------------|
| ███████ ██████████ | Contact through NVIDIA's counsel only | ████████████████████ |
| ███████ ███████ | Contact through NVIDIA's counsel only | ████████████████████ |
| ███████ ███████████ | Contact through NVIDIA's counsel only | ██████████████ |

NVIDIA also reserves the right to rely upon and call as a witness any person listed in Plaintiff's Rule 26(a)(1) disclosures.

### B. Other Persons Having Relevant Knowledge

| Name | Contact Information | Subject Matter |
|------|-------------------|----------------|
| Dean Dauger<br><br>Named inventor of the Asserted Patent | PO Box 3074, Huntington Beach, CA 92605 USA | It is believed that Dean Dauger has information relating to the conception, development, reduction to practice, patent prosecution, claim construction and invalidity of the alleged inventions of the Asserted Patent. Mr. Dauger also likely has information regarding the Plaintiff and its business. |
| Zvi Tannenbaum<br><br>Named inventor of the Asserted Patent | 220 Newport Center Drive #11-202<br>Newport Beach, CA 92660 | It is believed that Zvi Tannenbaum has information relating to the conception, development, reduction to practice, patent prosecution, claim construction and invalidity of the alleged inventions of the Asserted Patent. Mr. Tannenbaum also likely has information regarding the Plaintiff and its business. |

| Name | Contact Information | Subject Matter |
|---|---|---|
| Viktor K. Decyk<br><br>Research Physicist, Adjunct Professor | Represented by ACS's counsel | It is believed that Mr. Decyk has information relating to invalidity of the alleged inventions of the Asserted Patent. Mr. Decyk also likely has information regarding the Plaintiff and its business. |
| Knobbe Martens Olson & Bear, LLP<br><br>Prosecuting firm for the asserted patent | One Market Plaza, 24th floor San Francisco, CA 94105 | It is believed that Knobbe Martens Olson & Bear, LLP has information relating to the conception, development, reduction to practice, patent prosecution, claim construction and invalidity of the alleged inventions of the Asserted Patent. |
| Dauger Research, Inc. | PO Box 3074, Huntington Beach, CA 92605 USA | It is believed that Dauger Research has information relating to the conception, development, reduction to practice, patent prosecution, claim construction and invalidity of the alleged inventions of the Asserted Patent. Dauger Research also likely has information regarding the Plaintiff and its business. |
| UCLA | University of California Office of the President 1111 Franklin Street, 8th Floor Oakland, CA 94607 | It is believed that UCLA has information relating to prior art to the alleged inventions of the Asserted Patent and NVIDIA's affirmative defenses. |
| Wolfram Research | 100 Trade Center Drive Champaign, IL 61820-7237 | It is believed that Wolfram Research has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Maplesoft | 615 Kumpf Drive Waterloo, ON Canada N2V 1K8 | It is believed that Maplesoft has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Ariela Tannenbaum | 220 Newport Center Drive, #11-202, Newport Beach, 92660 | It is believed that Ms. Tannenbaum is a Director of Plaintiff and has information relating to Plaintiff's business. |

| Name | Contact Information | Subject Matter |
|---|---|---|
| Stony Brook University | 328 Administration Building Stony Brook, NY 11794-1212 | It is believed that Stony Brook University has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Massachusetts Institute of Technology (MIT) | 77 Massachusetts Avenue 7-206 Cambridge, MA 02139-4307 | It is believed that MIT has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Cornell University | 616 Thurston Ave. Ithaca, NY 14853 | It is believed that Cornell University has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Argonne National Laboratory | 9700 S Cass Ave, Lemont, IL 60439 | It is believed that Argonne National Laboratory has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Dana Petcu | Blvd. V. Parvan 4, Timisoara 300223, Timis, Romania | It is believed that Dana Petcu has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Pieter R. Kokelaar | 7721 McConnell AveLos Angeles, CA 90045 | It is believed that Pieter R. Kokelaar has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Alan Edelman | Cambridge, MA 02139 | It is believed that Alan Edelman has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Brent Seidel | 3751 W. Mariposa Grande Glendale, AZ 85310 | It is believed that Brent Seidel has information relating to prior art to the alleged inventions of the Asserted Patent. |

| Name | Contact Information | Subject Matter |
|---|---|---|
| Jaswinder Singh | Represented by ACS' counsel | It is believed that Dr. Singh has information relating to prior art to the alleged inventions of the Asserted Patent. |
| Bryan Minor | Quebec, Canada | It is believed that Dr. Minor has information relating to prior art and inventorship to the alleged inventions of the Asserted Patent. |
| John Westerhoff | Unknown | It is believed that Dr. Westerhoff has information relating to prior art and inventorship to the alleged inventions of the Asserted Patent. |
| Tamas Frajka | Unknown | It is believed that Dr. Frajka has information relating to prior art and inventorship to the alleged inventions of the Asserted Patent. |
| Theodore W. Gray | Chicago, IL | It is believed that Mr. Gray has information relating to prior art and inventorship to the alleged inventions of the Asserted Patent. |
| Kevin Sinclair | Unknown | It is believed that Mr. Sinclair has information relating to prior art and inventorship to the alleged inventions of the Asserted Patent. |
| John Bancroft | Australia | It is believed that Mr. Bancroft has information regarding ACS, prior art to the alleged inventions of the Asserted Patent, ACS' products and use of those products. |
| Vineer Bhansali | Newport Beach, California | It is believed that Mr. Bhansali has information regarding ACS, prior art to the alleged inventions of the Asserted Patent, ACS' products and use of those products. |

██████████████████████████████████████████████████████████████████████

## II. Documents and Things

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), the categories of documents listed below may be used to support NVIDIA's claims and defenses, and some of the identified categories are within the possession, custody, or control of NVIDIA or its counsel:

1. Documents and materials relating to the Asserted Patent, including documents and materials concerning the inventorship and prosecution of the applications leading to that patent.

2. Documents and materials evidencing, among other things, state of the art, invalidity and unenforceability of the Asserted Patent.

3. Documents and materials relating to the research, development, and manufacturing of products accused of infringing the Asserted Patent.

4. Documents and materials regarding the design, operation, functions, and features of products accused of infringing the Asserted Patent.

5. Documents and materials relating to Plaintiff.

6. Documents related to any licensing of the Asserted Patent.

## III. Damages

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), NVIDIA seeks all costs and attorneys' fees awardable under 35 U.S.C. § 285.

## IV. Indemnity and Insurance Agreements

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

Dated: July 6, 2022

**OF COUNSEL:**                                     **DLA PIPER LLP (US)**

Mark Fowler (Admitted *Pro Hac Vice*)              */s/ Brian A. Biggs*
Clayton Thompson (Admitted *Pro Hac Vice*)         Brian A. Biggs (DE Bar No. 5591)
Jake Zolotorev (Admitted *Pro Hac Vice*)           Erin E. Larson (DE Bar No. 6616)
Carrie Williamson (Admitted *Pro Hac Vice*)        1201 North Market Street, Suite 2100
Monica DeLazzari (Admitted *Pro Hac Vice*)         Wilmington, DE 19801-1147
Jonathan Hicks (Admitted P*ro hac vice)*           Telephone: (302) 468-5700
**DLA PIPER LLP (US)**                             Facsimile: (302) 394-2341
2000 University Avenue                             brian.biggs@us.dlapiper.com
East Palo Alto, California 94303-2214              erin.larson@us.dlapiper.com
Telephone: (650) 833-2000
Facsimile: (650) 833-2001                          *Attorneys for Defendant NVIDIA Corporation,*
mark.fowler@us.dlapiper.com                        *NVIDIA Singapore Pte. Ltd., and NVIDIA*
clayton.thompson@us.dlapiper.com                   *International*
jake.zolotorev@us.dlapiper.com
carrie.williamson@us.dlapiper.com
monica.delazzari@us.dlapiper.com
jonathan.hicks@us.dlapiper.com


Peter F. Nelson (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
500 8th St, NW
Washington, DC 20004
Telephone: (202) 799-4092
Facsimile: (202) 799-5000
peter.nelson@us.dlapiper.com

## <u>CERTIFICATE OF SERVICE</u>

I, Brian A. Biggs, hereby certify that on this 6th day of July, 2022, I caused a true and correct copy of the foregoing **DEFENDANT NVIDIA CORPORATION, NVIDIA SINGAPORE PTE. LTD, AND NVIDIA INTERNATIONAL, INC.'S FIRST SUPPLEMENTAL INITIAL DISCLOSURES** to be served on the following counsel of record via electronic mail:

John W. Shaw
Karen E. Keller
Nathan R. Hoeschen
**SHAW KELLER LLP**
I.M. Pei Building
1105 N. Market Street, 12thFloor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

Jon W. Gurka
Brian Claassen
Cheryl Burgess
James F. Smith
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760 0404
jon.gurka@knobbe.com
brian.claassen@knobbe.com
cheryl.burgess@knobbe.com
james.smith@knobbe.com

Karl W. Kowallis
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1155 Avenue of the Americas, 24th Floor
New York, NY 10036
Telephone: (212) 849-3024
karl.kowallis@knobbe.com

Ben K. Shiroma
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
ben.shiroma@knobbe.com

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)

10

# EXHIBIT 3

| | |
|---|---|
| **From:** | Cara Charran |
| **To:** | ztannl.017l.knobbe@knobbe.imanage.work |
| **Subject:** | 2022-07-14 Email from Williamson to CTB re ACS v. NVIDIA: Deposition dates |
| **Date:** | Friday, July 15, 2022 7:59:28 AM |

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Thursday, July 14, 2022 8:53 PM
**To:** Cheryl.Burgess <Cheryl.Burgess@knobbe.com>
**Cc:** Lit ZTANNL.017L <LitZTANNL.017L@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Deposition dates

Cheryl,

As you are well aware, deposition scheduling has been delayed due to the pending email searches, review and production.  ACS continues to drag its feet providing information regarding e-mail searches, review and production, despite the fact that we told you that ACS' delay is delaying depositions.  You told us during our Tuesday meet and confer that you would provide information regarding the hits for "SET" and we still have not received that information.

We then received a communication from you yesterday that says that ACS is going to object to any further production of documents and move to exclude such documents as "late-produced", other than financial information.  We assume this means that ACS is now withdrawing its request for e-mail production from NVIDIA.  As you know that ACS's email search requests had ███████████████████████████████ and I told you that we expected that there would be approximately that same amount of e-mail documents to be produced.  **Please confirm immediately whether ACS is now withdrawing its request for NVIDIA email production**.  Please let us know as this as of course it affects deposition scheduling.

We will discuss with our client your request for additional deposition hours and get back to you.

As I stated, we have been working on a proposed deposition schedule for NVIDIA witnesses (including ███████████).  With respect to the deposition of ███████████, he has limited availability because it is close to end of quarter.  We are looking to lock down proposed dates for him, along with the other witnesses.

We intend to serve a 30(b)(1) deposition notice to  Zvi Tannenbaum, Dean Dauger, and Ariela Tannenbaum.  Please provide dates of availability for each.

Regards,
Carrie

**From:** Cheryl.Burgess <Cheryl.Burgess@knobbe.com>

**Sent:** Thursday, July 14, 2022 3:56 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** Lit ZTANNL.017L <LitZTANNL.017L@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** ACS v. NVIDIA: Deposition dates

⚠ EXTERNAL MESSAGE

Carrie,

ACS served deposition notices over two months ago on, *inter alia*, NVIDIA, ██████████ ████████████████████████. NVIDIA has not provided dates of availability for any of these depositions yet. At the meet and confer on June 30, you indicated that NVIDIA was looking for dates and would be in a position to identify proposed dates the next week or at the beginning of this week. At the meet and confer Tuesday, you were still looking for dates of availability and were not in a position to provide dates for any of the witnesses. We appreciate your willingness to prioritize the financial 30(b)(6) topics and to find a date for that deposition in the next week or two. We also need the remaining dates of availability as soon as possible as we will need to coordinate a number of depositions, and associated travel, in the short remaining window for discovery. We expect NVIDIA to provide availability dates for the 30(b)(6) topics and at least ██████████████ ███████████████ by Monday. If NVIDIA does not do so, we intend to seek court intervention to get dates on the calendar.

NVIDIA also identified seven new NVIDIA witnesses in its supplemental initial disclosures last week. Accordingly, we intend to serve a deposition notice on ███████████. Please provide dates of availability for this individual as well.

In view of NVIDIA's identification of seven additional NVIDIA witnesses, ACS will also be seeking an additional 21 hours of deposition time beyond the time contemplated in the Scheduling Order. (D.I. 17). Please confirm whether NVIDIA consents to this modification. If NVIDIA does not consent, please be prepared to discuss during our next meet and confer.

As I noted during the meet and confer, we agree to withdraw the deposition notice to ███████████ in view of NVIDIA's removal of ████████ from its initial disclosures, your representations that he left his position as ████████████████████████████ several years ago, and NVIDIA's identification of ███████████ in NVIDIA's supplemental initial disclosures as an individual knowledgeable about NVIDIA's financial information.

Best,
Cheryl

**Cheryl Burgess**
Partner
Cheryl.Burgess@knobbe.com

949-721-2935 **Direct**

**Knobbe Martens**

2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/cheryl-burgess

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Cara Charran |
| **To:** | ztannl.017l.knobbe@knobbe.imanage.work |
| **Subject:** | 2022-07-22 Email from Williamson to CTB re ACS v. NVIDIA - NVIDIA 30(b)(6) designations |
| **Date:** | Friday, July 22, 2022 8:32:52 AM |

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>

**Sent:** Friday, July 22, 2022 8:32 AM

**To:** ACSService <ACSService@knobbe.com>; Karen E. Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen <nhoeschen@shawkeller.com>

**Cc:** NVIDIA-ACS-DLA <NVIDIA-ACS-DLA@us.dlapiper.com>

**Subject:** ACS v. NVIDIA - NVIDIA 30(b)(6) designations

Cheryl,

Subject to NVIDIA's objections and responses to Plaintiffs' Rule 30(b)(6) notice and the below limitations, NVIDIA designates the following witnesses for topics in Plaintiffs' Rule 30(b)(6) notice as follows:

██████████
Topics 1-3, 8, 36 (accused NVIDIA systems/CUDA GPU Accelerated libraries)
Topics 11, 12, 24, 25, 26
Topic 45 (facts regarding design and operation of accused NVIDIA systems/CUDA GPU Accelerated libraries related to NVIDIA's Second Affirmative Defense)
Topic 48 (his group's organizational structure)

██████████
Topics 1-3, 8, 16, 17, 18, 36 (accused NVIDIA systems and GPUs)
Topics 26, 27, 40, 41, 42, 43, 48
Topic 45 (facts regarding design and operation of NVIDIA systems and GPUs related to NVIDIA's Second Affirmative Defense)
Topic 48 (as to his group's organizational structure)

████████
Topics 1-3, 8, 9 (CUDA)
Topic 10
Topic 45 (facts regarding design and operation of CUDA related to NVIDIA's Second Affirmative Defense)
Topic 48 (his group's organizational structure)

██████████
Topics 1-3, 8, 9 (NVLink)
Topics 4, 5, 6, 7
Topic 45 (facts regarding NVLink related to NVIDIA's Second Affirmative Defense)
Topic 48 (his group's organizational structure)

██████
Topic 45, 50 (Brook, Merrimac and CUDA as well as other available parallel computing systems related to NVIDIA's Third Affirmative Defense)
Topic 48 (his group's organizational structure)

███████

Topics 13-15, 22
Topic 48 (his group's organizational structure)

██████

Topics 16, 17, 18, 19, 20, 21, 35, 36 (DGX)
Topic 48 (his group's organizational structure)

████████

Topics 16, 17, 18, 19, 20, 21, 35, 36 (HGX and Tesla)
Topic 42
Topic 48 (his group's organizational structure)

████████

Topics 28-35, 46, 47
Topic 45 (factual basis for NVIDIA's Fourth and Eleventh Affirmative Defenses)
Topic 48 (his group's organizational structure)

We expect to identify another 30(b)(6) witness for at least topic 37.

We look forward to receiving ACS's designations and deposition dates for its witnesses, as we have not received any dates for its witnesses or designations yet.

Regards,
Carrie

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Cheryl Burgess |
| **To:** | Williamson, Carrie |
| **Cc:** | NVIDIA-ACS-DLA; Lit ZTANNL.017L; Karen Elizabeth Keller ; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) |
| **Subject:** | ACS v. NVIDIA: Deposition hours |
| **Date:** | Friday, August 12, 2022 8:36:38 AM |

Carrie,

We have not heard back from NVIDIA on our intention to seek an additional 21 hours of deposition time beyond the time contemplated in the Scheduling Order in view of the number of 30(b)(6) deponents NVIDIA designated.  Please confirm whether NVIDIA consents to this modification.  If not, please be prepared to discuss during our meet and confer later.

Best,

Cheryl

**Cheryl Burgess**
Partner
Cheryl.Burgess@knobbe.com
949-721-2935 **Direct**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/cheryl-burgess

# EXHIBIT 6

| From: | Ben Shiroma |
|---|---|
| To: | Williamson, Carrie; NVIDIA-ACS-DLA |
| Cc: | Cheryl Burgess; Lit ZTANNL.017L; Karen Elizabeth Keller; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) |
| Subject: | RE: ACS v. NVIDIA: Deposition Time |
| Date: | Friday, September 23, 2022 11:42:02 AM |

Carrie,

Pursuant to the Stipulated Scheduling Order, ACS also intends to discuss whether NVIDIA has any additional terms for construction and NVIDIA's proposed constructions for any such terms, as well as NVIDIA's proposal for expert discovery.

Best,
Ben

**Ben Shiroma**
Associate
Ben.Shiroma@knobbe.com
310-601-1269 **Direct**

**Knobbe Martens**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
https://www.knobbe.com/attorneys/ben-k-shiroma

---

**From:** Ben Shiroma
**Sent:** Friday, September 23, 2022 11:07 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Lit ZTANNL.017L <LitZTANNL.017L@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Deposition Time

Carrie,

By now you should have received a calendar invite for today's meet and confer at 1:00 PM PT to continue our discussion on:

- ACS's request for additional ████████████, and the ████████████ referenced by ████████; and
- Additional deposition time for third-party depositions.

We disagree with NVIDIA's assertion regarding the deposition time ACS has remaining.  Could you please provide us your time broken down by deposition, so we may compare it to our own?

In any event, per your request for a specific proposal, ACS proposes that:  ACS be allowed to take depositions of Cisco, IBM, Super Micro, Dell, and Lenovo for the purpose of establishing the

authenticity and admissibility of produced documents.  Each deposition will last up to 2 hours irrespective of any previously ordered time limits and such time will not be counted against any previously ordered time limits.


Best,
Ben


**Ben Shiroma**
Associate
Ben.Shiroma@knobbe.com
310-601-1269 Direct
**Knobbe Martens**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
https://www.knobbe.com/attorneys/ben-k-shiroma

---

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Friday, September 16, 2022 2:20 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Lit ZTANNL.017L <LitZTANNL.017L@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** ACS v. NVIDIA: Deposition Time

Carrie,

We write to address NVIDIA's apparent change in position regarding deposition time.  We wrote to you on July 14, 2022, noting our intention to seek an additional 21 hours of deposition time beyond the time contemplated in the Scheduling Order in view of the of the number of 30(b)(6) deponents NVIDIA designated.   You agreed to discuss with NVIDIA and get back to us, but never did, so we followed-up with another email on August 12, 2022. Again, we did not receive a response, so we again raised the issue during a subsequent meet and confer.  During the meet and confer, you noted that by that point ACS had completed many of the scheduled 30(b)(6) depositions and by your calculation would not use all of the allotted 70 hours, even if it used 7 hours with each of the then remaining NVIDIA 30(b)(6) witnesses. However, you confirmed that NVIDIA was not opposed to agreeing on some additional time if necessary, and confirmed NVIDIA was open to a revised proposal based on the hours used and remaining depositions.  Following that meet and confer, we determined that ACS would be able to complete the scheduled depositions within the 70 allotted hours and would still have some time remaining for third party depositions to authenticate documents, if necessary.  We therefore did not further pursue additional hours at that time.   On August 22, 2022, NVIDIA identified yet another 30(b)(6) witness.  We again did not pursue additional deposition hours at that time.   ACS had already begun to discuss with the third parties using declarations to obviate the need for third party depositions, meaning that ACS could allocate the remaining deposition time to NVIDIA's new 30(b)(6) witness.

It is as yet not settled whether ACS will be able to address all evidentiary concerns regarding third party documents through declarations, and therefore ACS may need additional time for limited

depositions of the third parties.  Your September 12, 2022 email takes the position that NVIDIA will oppose any requests by NVIDIA for additional deposition time.  This is contrary to NVIDIA's position during the meet and confer on this topic.  We would like to discuss at the next meet and confer to determine whether the parties are at an impasse on this issue.  We note that this matter can be resolved if NVIDIA would agree to the stipulations regarding third-party production that ACS has proposed.  To date, NVIDIA has refused, and still has not provided any reasoned basis for its refusal.

Best,
Cheryl

**Cheryl Burgess**
Partner
Cheryl.Burgess@knobbe.com
**949-721-2935 Direct**
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/cheryl-burgess

# EXHIBIT 7

| | |
|---|---|
| **From:** | Williamson, Carrie |
| **To:** | Cheryl Burgess; Jon Gurka; NVIDIA-ACS-DLA |
| **Cc:** | ACSService; Nate Hoeschen; Karen E. Keller (kkeller@shawkeller.com) |
| **Subject:** | RE: ACS v. NVIDIA: schedule stipulation |
| **Date:** | Monday, August 22, 2022 6:26:56 PM |

Cheryl,

████████████ is available for deposition on September 1 on Topic 37.

Thanks,
Carrie

---

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Monday, August 22, 2022 12:22 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: schedule stipulation

⚠ EXTERNAL MESSAGE

Carrie,

ACS does intend to take a witness on topic 37 (licenses).

Best,
Cheryl

**Cheryl Burgess**
Partner
949-721-2935 **Direct**
**Knobbe Martens**

---

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Thursday, August 18, 2022 1:16 PM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: schedule stipulation

Cheryl, this language is ok with NVIDIA and ok to file.

If ACS intends to take a witness on topic 37 (licenses), NVIDIA will need to provide a date for that deposition.  Please let us know if ACS intends to proceed on that topic.

Regards,
Carrie

---

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Thursday, August 18, 2022 12:20 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: schedule stipulation

⚠ EXTERNAL MESSAGE

Carrie,

Here is a slightly revised proposed wording.  "Certain third party depositions in response to third-party subpoenas are currently being negotiated and rescheduled.  The parties currently contemplate that the dates for those depositions may need to be taken briefly past the close of the revised fact discovery cut-off (August 26).  The parties are working to reschedule those depositions, and agree to provide a further filing on August 26 regarding the dates for those depositions."

Let me know if this works.

Cheryl

**Cheryl Burgess**
Partner
949-721-2935 **Direct**
**Knobbe Martens**

---

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Thursday, August 18, 2022 9:20 AM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** ACS v. NVIDIA: schedule stipulation

Cheryl,

Following our discussion last night, attached is some proposed language for the schedule stipulation:

"Certain depositions are currently being rescheduled.  The parties currently contemplate that the dates for those depositions may need to be taken very briefly past the close of fact discovery (August 26).  The parties are working to reschedule those depositions and agree to provide a further filing on August 26 regarding the dates for those depositions."

If this works the parties can get this on file.

Thanks,
Carrie

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Tuesday, August 16, 2022 11:44 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

⚠ EXTERNAL MESSAGE

Carrie,

We accepted the previous tracked changes in the **schedule stipulation** and added some additional third parties to the list in tracked changes.  Please confirm we are in agreement on the **schedule stipulation and authentication stipulation.**

Best,
Cheryl

**Cheryl Burgess**
Partner
949-721-2935 **Direct**
**Knobbe Martens**

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Tuesday, August 16, 2022 7:33 AM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

Cheryl,

Regarding the schedule stipulation, it appears the parties are in agreement.  We added, in track changes,

language that certain specific depositions may proceed past the close of fact discovery, if necessary, for the convenience of the witness.

Regarding the authentication stipulation, we are willing to agree to ACS's revisions but for the language regarding the second set of RFAs.  As stated in my August 13 email, the Scheduling Order limits the number of RFAs to 45.  The Scheduling Order contemplates potential services of RFAs for authentication only following good faith meet and confer, which did not occur here.  Any additional RFAs were served in violation of the Scheduling Order limitation on RFAs.  We have repeatedly asked ACS to withdraw this Second Set of RFAs in its entirety.  Please confirm that ACS is withdrawing these requests.  Otherwise, NVIDIA will seek recovery of costs for any responses associated with any work associated with responding to these improper requests served in violation of the Scheduling Order.

Regards,
Carrie

---

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Friday, August 12, 2022 5:10 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

⚠ EXTERNAL MESSAGE

Carrie,

Attached are proposed redlines to the draft stipulation on the schedule.  We agree on the schedule modification set forth in the stipulation.  We removed the reference to responding to RFAs because that is not a scheduling matter and will be addressed in the stipulation regarding authentication of documents.  Please confirm NVIDIA's agreement.

Also attached are proposed redlines to the draft stipulation on authentication.  We have considered the proposal to include authentication of third party documents, and think that a broad agreement on third party document authenticity is not appropriate.  We are willing to consider authentication of third party documents on a more individualized basis.  We also modified the language about RFAs because not all of the RFAs relate to authentication under FRE 901.  Some are therefore not addressed by the stipulation.  Please confirm NVIDIA's agreement.

Best,
Cheryl

**Cheryl Burgess**
Partner
949-721-2935 **Direct**
**Knobbe Martens**

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Friday, August 12, 2022 8:36 AM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

Cheryl,

Please provide ACS' position regarding these 2 stipulations.

Thanks,
Carrie

---

**From:** Williamson, Carrie
**Sent:** Wednesday, August 10, 2022 6:52 PM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

Cheryl,

To follow up on our meet and confer discussion regarding responding to Interrogatory No. 9, NVIDIA agrees that ACS would provide its response to Interrogatory No. 9 at the time ACS provides its validity contentions.  I've provided an updated version of the stipulation I sent earlier today with that interrogatory identified.

Additionally, I'm attaching a revised stipulation as to authenticity.  We tried to streamline the stipulation to make it simpler.

Thanks,
Carrie

---

**From:** Williamson, Carrie
**Sent:** Wednesday, August 10, 2022 2:02 PM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>

**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

Cheryl,

Following up on our call this morning, we took the shift below and put it into a proposed stipulation. We also inserted some language about no new discovery being served during the extended time period.  As I mentioned, we propose to very slightly push out the Sept. 17 and Sept. 22 date.  Please let us know whether ACS agrees.

Thanks,
Carrie

---

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Tuesday, August 9, 2022 10:33 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Jon Gurka <Jon.Gurka@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

⚠ EXTERNAL MESSAGE

Carrie,

We can agree to shift contentions by 1 week to accommodate depositions.  Our understanding is that the new dates would be:
- Sept. 1 – infringement contentions
- Sept. 8 – invalidity contentions
- Sept. 15 – non-infringement contentions
- Sept. 17 (existing date) – parties must notify each other of additional claim construction disputes
- Sept. 22 – validity contentions
- Sept. 22 (existing date) – Deadline to M&C and file Joint Claim Construction Chart
- Sept. 29 (existing date) – Opening CC brief due

Please confirm this is your understanding as well, and that NVIDIA will proceed with the depositions of Zvi Tannenbaum on August 22 and Ariela Tannenbaum on August 25.

We accept the dates for ██████ and ██████.

Best,
Cheryl

**Cheryl Burgess**
Partner
949-721-2935 **Direct**
**Knobbe Martens**

---

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Tuesday, August 9, 2022 10:23 AM
**To:** Jon Gurka <Jon.Gurka@knobbe.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

Jon and Cheryl,

Please provide your position regarding the shift of contentions by 1 week to accommodate depositions occurring the week of the 22nd (highlighted below).

Please further let us know whether you are accepting the dates for ███████ and ███████.

Regards,
Carrie

---

**From:** Williamson, Carrie
**Sent:** Friday, August 5, 2022 10:38 AM
**To:** Jon Gurka <Jon.Gurka@knobbe.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

Thanks, Jon.  Please let us know when you are available to meet and confer. After 12pm PT works.

Additionally, regarding the depositions of Mr. Tannenbaum and Ms. Tannenbaum after the close of discovery (along with ███████), we think that the parties should discuss moving the start of the contentions exchange approximately 1 week so there isn't a concern that depositions the week of the 22nd will lead to concern about contentions needing to be supplemented.  Subject to that discussion, we can proceed with the depositions on the 22nd and 25th.

Thanks
Carrie

**From:** Jon Gurka <Jon.Gurka@knobbe.com>
**Sent:** Thursday, August 4, 2022 9:28 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; Cheryl Burgess
<Cheryl.Burgess@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen
E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

⚠ EXTERNAL MESSAGE

Carrie –

We are available to meet and confer tomorrow morning regarding the Dauger Research subpoena.

Additionally, I had previously requested confirmation as to the depositions of Zvi Tannenbaum on
August 22 and Ariela Tannenbaum on August 25.  Will NVIDIA proceed with the depositions on those
dates?

Jon

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Wednesday, August 3, 2022 11:32 AM
**To:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>; NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen
E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** RE: ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

Cheryl,

We do not intend to seek additional days to depose Dr. Dauger on the basis of the Dauger Research
subpoena.  As noted during our phone discussion, we noticed the deposition for the same day as Dr.
Dauger's currently scheduled deposition.  Rather, the purpose of the subpoena is to avoid disputes
regarding whether he can answer a question because it is related to Dauger Research and there was
no deposition subpoena to Dauger Research.  If the objections to the subpoena topics are based on
time and not substantive issues with the topics, please let us know.  Otherwise, please provide a
time this week to meet and confer regarding those topics.

Regards,
Carrie

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Monday, August 1, 2022 10:33 AM

**To:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>
**Cc:** ACSService <ACSService@knobbe.com>; Nate Hoeschen <nhoeschen@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>
**Subject:** ACS v. NVIDIA: Response to NVIDIA's Subpoena for Testimony To Dauger Research

⚠ EXTERNAL MESSAGE

Counsel,

Attached please find Objections and Responses to NVIDIA's Subpoena to Dauger Research to Testify at a Deposition.

Dr. Dauger is already scheduled to testify on August 15, 2022 in his individual capacity under Rule 30(b)(1), as well as a 30(b)(6) witness on many topics for ACS.  If the parties are able to resolve Dauger Research's objections through the meet and confer process, Dr. Dauger will likely be designated to testify on behalf of Dauger Research.  Dr. Dauger will only sit for a single deposition on a single day, which is currently scheduled for August 15, 2022.   If NVIDIA insists on subjecting Dr. Dauger to  multiple depositions in excess of the time limits set by the Federal Rules of Civil Procedure, we will have no choice but to seek a protective order to prevent such duplicative, unnecessary and harassing discovery.

Best,
Cheryl

**Cheryl Burgess**
Partner
Cheryl.Burgess@knobbe.com
949-721-2935 **Direct**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/cheryl-burgess

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not

the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT 8

| From: | Williamson, Carrie |
|---|---|
| To: | Ben Shiroma |
| Cc: | NVIDIA-ACS-DLA; Cheryl Burgess; ACSService; Karen Elizabeth Keller ; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) |
| Subject: | RE: ACS vs Nvidia - Stipulation re Super Micro |
| Date: | Thursday, September 8, 2022 10:59:00 AM |
| Attachments: | 9-7 - REV - ACS-NVIDIA Stipulation re Super Micro Records.docx |

Ben,

Attached please find a proposed revised stipulation re authenticity.  This is consistent with other stipulations we have entered into in Delaware to avoid taking depositions to authenticate documents.  If ACS is willing to enter into this for UCLA, NVIDIA would be willing to do so for Cisco and SuperMicro.

Please let us know if you would like to discuss.

Thanks,
Carrie

**From:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Sent:** Wednesday, September 7, 2022 3:31 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

⚠ EXTERNAL MESSAGE

Carrie,

Thank you for your response.  I have attached a similar stipulation in connection with the documents produced by Cisco.

Best,
Ben

**Ben Shiroma**
Associate
Ben.Shiroma@knobbe.com
310-601-1269 **Direct**
**Knobbe Martens**
1925 Century Park East, Suite 600

Los Angeles, CA 90067
https://www.knobbe.com/attorneys/ben-k-shiroma

---

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Wednesday, September 7, 2022 1:59 PM
**To:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess
<Cheryl.Burgess@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller
<kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP <nhoeschen@shawkeller.com>
<nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

Hi Ben,

I believe that NVIDIA and ACS (and SuperMicro and UCLA, for example) will be able to reach an
agreement regarding a stipulation. We expect that we should be able to provide a response
tomorrow.

Thanks,
Carrie

---

**From:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Sent:** Wednesday, September 7, 2022 1:28 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess
<Cheryl.Burgess@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller
<kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP <nhoeschen@shawkeller.com>
<nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

⚠ EXTERNAL MESSAGE

Carrie,

We write to follow up on our email below. Please provide NVIDIA's position on the proposed
stipulation today. Third-party, Super Micro, and ACS need to know whether NVIDIA will agree to the
stipulation to avoid unnecessary discovery and potential motion practice.

If we do not hear from you by the close of business today, we will assume that NVIDIA is not
interested in the proposed stipulation and let Super Micro know your position.

Best,
Ben

**Ben Shiroma**

Associate
Ben.Shiroma@knobbe.com
310-601-1269 **Direct**

**Knobbe Martens**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
https://www.knobbe.com/attorneys/ben-k-shiroma

---

**From:** Ben Shiroma
**Sent:** Tuesday, September 6, 2022 1:01 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess
<Cheryl.Burgess@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller
<kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com)
<nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

Carrie,

Could you please provide NVIDIA's position on ACS's proposed stipulation by the close of business
today or tomorrow morning at the latest? Super Micro's opposition is due on September 12, 2022.
If ACS and NVIDIA can stipulate to the attached before then it would obviate the need for Super
Micro to prepare an opposition.

We understand that this is similar to what NVIDIA is proposing with respect to the documents
produced by UCLA.  Hopefully ACS and NVIDIA can reach an agreement to reduce the burden on
third-parties.

Best,
Ben

**Ben Shiroma**
Associate
Ben.Shiroma@knobbe.com
310-601-1269 **Direct**

**Knobbe Martens**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
https://www.knobbe.com/attorneys/ben-k-shiroma

---

**From:** Cheryl Burgess <Cheryl.Burgess@knobbe.com>
**Sent:** Thursday, September 1, 2022 6:30 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Lit ZTANNL.017L
<LitZTANNL.017L@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R.
Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** ACS vs Nvidia - Stipulation re Super Micro

Carrie,

In order to reduce the burden on Super Micro and to eliminate the need for a deposition or declaration, ACS proposes that ACS and NVIDIA stipulate to the authenticity and admissibility of the documents produced by Super Micro. ACS's proposed stipulation is attached.  Please advise.

If ACS and NVIDIA cannot agree on such a stipulation, ACS will be forced to seek a deposition or declaration from Super Micro to similar effect.

Best,
Cheryl

**Cheryl Burgess**
Partner
Cheryl.Burgess@knobbe.com
**949-721-2935 Direct**
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/cheryl-burgess

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT 9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ADVANCED CLUSTER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION, NVIDIA SINGAPORE PTE. LTD., AND NVIDIA INTERNATIONAL, INC.<br><br>Defendants. | Civil Action No. 1:19-cv-02032-MN-CJB |

## STIPULATION ON AUTHENTICATION OF DOCUMENTS

Plaintiff Advanced Cluster Systems, Inc. ("ACS") and Defendants NVIDIA Corporation, NVIDIA Singapore Pte. Ltd., and NVIDIA International, Inc. (collectively "NVIDIA"), for the above captioned case ("Case") only, hereby stipulate, subject to the Court's approval, that:

1.     The following shall be deemed to be prima facie authentic within the meaning of Federal Rule of Evidence ("FRE") 901, subject to the right of any party against whom such document is offered ("Opposing Party") to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the Opposing Party has a reasonable basis to believe the document is not authentic: (i) any document produced from a party's files or web-site that bears that party's letterhead, copyright, or corporate logo; (ii) any document (including but not limited to email and attachments) produced in this case from a party's files that on its face appears to have been authored by an employee, officer, or agent of that party; (iii) any source code produced by any party or third party in this action; (iv) any U.S. or foreign patent office publication; and (v) any peer-reviewed publication from a recognized technical society.

2.     The following shall be deemed to be prima facie authentic within the meaning of FRE 901, subject to the right of any party against whom such document is offered to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the Opposing Party has a reasonable basis to believe the document is not authentic: (i) any document produced from a third party's files or web-site that bears that party's letterhead, copyright, or corporate logo, including documents from a third party's files or web-site that have been produced by a party; (ii) any document (including but not limited to email and attachments) produced in this case by a third party that on its face appears to have been authored by an employee, officer, or agent of that party; (iii) any source code produced by any party or third party in this action.  This includes document(s) produced with the following Bates number prefixes:

| Third Party | Bates Number Prefix |
|---|---|
| Dauger Research | DR_NVIDIA_ |
| Ariela Tannenbaum | AT_NVIDIA_ |
| Victor Decyk | VD_NVIDIA_ |
| Knobbe Martens Olson & Bear LLP | KMOB |
| University of California, Los Angeles | UCLA |
| Wolfram Research, Inc. | WOLFRAM- |
| Stony Brook University | STONYBROOK- |
| Bedros Afeyan | POLYMATH |
| John Westerhoff | [ACS to fill in] |

3.     For the avoidance of doubt, nothing in this Stipulation excuses ACS or NVIDIA from compliance with pretrial disclosure requirements, including without limitation, the obligation to list all proposed trial exhibits on their exhibit list.

4.     In light of the foregoing, ACS and NVIDIA further agree not to seek or serve discovery related to the authenticity of documents, unless a party has a reasonable, good faith basis to believe that a document is not authentic.  ACS and NVIDIA, thus, agree to withdraw:

       a.     Topic 86 of NVIDIA's Notice of Deposition of Plaintiff ACS Under Federal Rule of Civil Procedure 30(b)(6), dated July 6, 2022.

      **b.**    Topic 52 of ACS' Notice of Deposition of Defendant NVIDIA Under Federal Rule of Civil Procedure 30(b)(6), dated May 26, 2022.

      **c.**    ACS's Second Set of Requests For Admission to NVIDIA.


Respectfully submitted,


Dated: October 10, 2022


/s/_____

John W. Shaw
Karen E. Keller
Nathan R. Hoeschen
**SHAW KELLER LLP**
I.M. Pei Building
1105 N. Market Street, 12thFloor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com


Jon W. Gurka (Admitted *Pro Hac Vice*)
Brian Claassen (Admitted *Pro Hac Vice*)
Cheryl Burgess (Admitted *Pro Hac Vice*)
James F. Smith (Admitted *Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Jon.gurka@knobbe.com
brian.claassen@knobb.com
cheryl.burgess@knoww.com


Karl W. Kowallis
KNOBBE, MARTENS, OLSON & BEAR, LLP
1155 Avenue of the Americas, 24th Floor
New York, NY 10036
Telephone: (212) 849-3024
karl.kowallis@knobbe.com


Ben K. Shiroma
KNOBBE, MARTENS, OLSON & BEAR, LLP

/s/_____

Brian A. Biggs (DE Bar No. 5591)
Stephanie E. O'Byrne (DE Bar No. 4446)
Erin E. Larson (DE Bar No. 6616)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: 302.468.5700
Facsimile: 302.394.2341
brian.biggs@dlapiper.com
stephanie.obyrne@us.dlapiper.com
erin.larson@dlapiper.com


Mark D. Fowler (Admitted *Pro Hac Vice*)
Clayton Thompson (Admitted *Pro Hac Vice*)
Yakov Zolotorev (Admitted *Pro Hac Vice*)
Carrie L. Williamson (Admitted *Pro Hac Vice*)
Jonathan H. Hicks (*Admitted Pro Hac Vice*)
Monica De Lazzari (Admitted *Pro Hac Vice*)
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2215
Telephone: (650) 833-2048
Facsimile: (650) 687-1138
mark.fowler@us.dlapiper.com
clayton.thompson@us.dlapiper.com
jake.zolotorev@us.dlapiper.com
carrie.williamson@us.dlapiper.com
monica.delazzari@us.dlapiper.com


Peter F. Nelson (*Admitted Pro Hac Vice*)
DLA PIPER LLP (US)

1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
ben.shiroma@knobbe.com

*Attorneys for Plaintiff*
*Advanced Cluster Systems, Inc.*

500 8th St NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: 202 799 5000
peter.nelson@us.dlapiper.com

*Attorneys for Defendants*
*NVDIA Corporation, NVIDIA Singapore Pte.*
*Ltd., AND NVIDIA International, Inc.*

SO ORDERED this ___ day of _____, 2022.

_____
The Honorable Maryellen Noreika

# EXHIBIT 10

| | |
|---|---|
| **From:** | Williamson, Carrie |
| **To:** | Ben Shiroma |
| **Cc:** | NVIDIA-ACS-DLA; Marko Zoretic; ACSService; Karen Elizabeth Keller ; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com); Peter Sauer; Jim Brogan; Louis Lesser |
| **Subject:** | RE: ACS vs Nvidia - Stipulation re Super Micro |
| **Date:** | Thursday, October 6, 2022 4:50:29 PM |

Ben,

As we previously stated, NVIDIA agreed to a previous version of the stipulation that agreed to the authenticity of the documents.  NVIDIA further agreed to not challenge the financial spreadsheet under Rule 1006 of FRE.  We had understood that resolved all of the issues.

Then, ACS notified us that it was still pursuing language regarding a business records exception, which was a surprise.

The problem with the business records language is that ACS has not articulated how it intends to use or characterize these documents to evaluate whether it is reasonable to agree that the documents are subject to a business records exception.  What is the record of the regularly conducted activity that is being shown by the documents?  We are happy to consider those specific documents or agreeing to specific language depending on what you are seeking to show and characterize as being reflected by the technical documents.  Based on the plain language of the rule, there needs to be a "record of an act, event, condition, opinion or diagnosis."  If you can articulate the regularly conducted activity (the act, event or condition) that is reflected by these documents, we are open to agreeing to something with respect to that specific language in the stipulation.

Regards,
Carrie

---

**From:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Sent:** Wednesday, October 5, 2022 1:50 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Marko Zoretic <Marko.Zoretic@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>; Peter Sauer <PSauer@KSLAW.com>; Jim Brogan <JBrogan@KSLAW.com>; Louis Lesser <LLesser@KSLAW.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

⚠ EXTERNAL MESSAGE

Carrie,

When does NVIDIA expect to have a response to the most recent draft of the proposed stipulation? Super Micro's (cc'ed) opposition is due on the 10th and the Court has ordered a hearing if ACS and Super Micro seek an additional extension.  As ACS understands it the Parties are very close to an agreement except for the FRE 803(6) issue.  Please let ACS know NVIDIA's position on the additional FRE 803(6) language by tomorrow, which will allow ACS sufficient time to withdraw its motion to compel Super Micro or seek a declaration from Super Micro.

Again, ACS hopes that the Parties can resolve this issue between them in order to reduce the burden on third-parties.  Indeed, as you know, the documents produced by Super Micro (which are only a few) consist of Super Micro's basic sales and public technical information, so there should be no legitimate dispute as to their status as business records.

Best,
Ben

**Ben Shiroma**
Associate
Ben.Shiroma@knobbe.com
310-601-1269 **Direct**
**Knobbe Martens**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
https://www.knobbe.com/attorneys/ben-k-shiroma

---

**From:** Ben Shiroma
**Sent:** Monday, October 3, 2022 10:07 AM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Marko Zoretic <Marko.Zoretic@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

Carrie,

NVIDIA's September 27, 2022 email gave NVIDIA's conditional agreement to the ACS-NVIDIA stipulation with an "understanding," which the Parties had not previously discussed and is indeed contrary to a specific edit made to the stipulation by ACS.  In view of NVIDIA's additional "understanding," ACS proposed additional language to the ACS-NVIDIA stipulation.  The attached draft stipulation includes the proposed language in redline.  Please let us know if this language is agreeable to NVIDIA or provide the basis for your objections per my previous email.

Best,
Ben

**Ben Shiroma**
Associate
Ben.Shiroma@knobbe.com
310-601-1269 **Direct**
**Knobbe Martens**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
https://www.knobbe.com/attorneys/ben-k-shiroma

---

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>

**Sent:** Friday, September 30, 2022 11:24 AM
**To:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess
<Cheryl.Burgess@knobbe.com>; Marko Zoretic <Marko.Zoretic@knobbe.com>; ACSService
<ACSService@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen
- Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

Ben,

I'm confused – the version that you sent us did not have the language you reference below, and we
had agreed to that version.  Are you now changing your proposed declaration?  If you are, then
please send it to us.  Or are you saying that you want a stipulation and a deposition?

Regards,
Carrie

---

**From:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Sent:** Wednesday, September 28, 2022 3:02 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess
<Cheryl.Burgess@knobbe.com>; Marko Zoretic <Marko.Zoretic@knobbe.com>; ACSService
<ACSService@knobbe.com>; Karen Elizabeth Keller <kkeller@shawkeller.com>; Nathan R. Hoeschen
- Shaw Keller LLP (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

⚠ EXTERNAL MESSAGE

Carrie,

Thank you for your email.  As you know, ACS proposed stipulation originally included language
concerning FRE 803(6), but NVIDIA removed that language without providing any reasoned basis.
Specifically, NVIDIA removed the following underlined portion:  "The Super Micro Records are
deemed to satisfy the requirements of FRE 803(6) and deemed to be authentic within the meaning
of FRE 901."  Thus, our September 21, 2022 Stipulation did not include language concerning FRE
803(6).  If NVIDIA would agree to adding that language back into the stipulation, then we agree that
it would obviate the need for ACS to pursue a deposition, testimony, or declaration of Super Micro.
Please advise.  To the extent NVIDIA does not agree to include the above language, please provide a
basis.  It is unclear to us why there would be any legitimate dispute that the Super Micro documents
are records of a regularly conducted activity under FRE 803(6).

Best,
Ben

**Ben Shiroma**
Associate
Ben.Shiroma@knobbe.com

310-601-1269 **Direct**

**Knobbe Martens**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
https://www.knobbe.com/attorneys/ben-k-shiroma

---

**From:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Sent:** Tuesday, September 27, 2022 1:36 PM
**To:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess
<Cheryl.Burgess@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller
<kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com)
<nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

Ben, NVIDIA can agree to ACS' revisions as to the Super Micro stipulation as sent on 9/21, subject to
the following - while ACS deleted the paragraph regarding not pursuing a deposition of SuperMicro,
we understand ACS will not be pursuing a deposition, testimony or declaration of SuperMicro. Is that
correct?

Thanks
Carrie

---

**From:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Sent:** Wednesday, September 21, 2022 12:35 PM
**To:** Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>
**Cc:** NVIDIA-ACS-DLA <nvidia-acs-dla@dlapiper.com>; Cheryl Burgess
<Cheryl.Burgess@knobbe.com>; ACSService <ACSService@knobbe.com>; Karen Elizabeth Keller
<kkeller@shawkeller.com>; Nathan R. Hoeschen - Shaw Keller LLP (nhoeschen@shawkeller.com)
<nhoeschen@shawkeller.com>
**Subject:** RE: ACS vs Nvidia - Stipulation re Super Micro

⚠️ EXTERNAL MESSAGE

Carrie,

Please see the attached redline of the stipulation regarding Super Micro's documents.  ACS added ¶
3 in order to facilitate Super Micro's use of a financial summary document rather than Super Micro's
underlying financial records in order to reduce the burden on Super Micro.

ACS hopes that the parties can reach an agreement on these issues in order the reduce the burden
on third-parties.

# EXHIBIT 11

IN THE U.S. DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CLUSTER SYSTEMS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 19-2032-MN-CJB |
| NVIDIA CORPORATION,<br>NVIDIA SINGAPORE PTE. LTD., AND<br>NVIDIA INTERNATIONAL, INC., | |
| Defendants. | |

**STIPULATION AND ORDER REGARDING ADMISSIBILITY AND AUTHENTICITY OF CERTAIN DOCUMENTS**

Plaintiff Advanced Cluster Systems, Inc. ("ACS") and Defendants NVIDIA Corporation,

NVIDIA Singapore Pte. Ltd. and NVIDIA International, Inc. ("NVIDIA") (collectively, the

"parties"), subject to the Court's approval, hereby stipulate and agree as follows:

(1) The following documents have been produced by third-party Super Micro Computer,

Inc. "Super Micro" in response to ACS's June 14, 2022 subpoena to Super Micro:

| Beginning Bates number | Ending Bates number |
|---|---|
| SMC00001 | SMC00001 |
| SMC00002 | SMC00007 |
| SMC00008 | SMC00013 |
| SMC00014 | SMC00015 |
| SMC00016 | SMC00023 |
| SMC00024 | SMC00030 |
| SMC00031 | SMC00035 |
| SMC00036 | SMC00037 |
| SMC00038 | SMC00041 |
| SMC00042 | SMC00045 |

| | |
|---|---|
| SMC00046 | SMC00049 |
| SMC00050 | SMC00053 |
| SMC00054 | SMC00054 |
| SMC00055 | SMC00055 |
| SMC00056 | SMC00059 |
| SMC00060 | SMC00064 |
| SMC00065 | SMC00069 |
| SMC00070 | SMC00075 |
| SMC00076 | SMC00081 |
| SMC00082 | SMC00086 |
| SMC00087 | SMC00092 |
| SMC00094 | SMC00240 |
| SMC00241 | SMC00387 |
| SMC00388 | SMC00532 |
| SMC00533 | SMC00660 |
| SMC00661 | SMC00780 |
| SMC00781 | SMC00906 |
| SMC00907 | SMC01027 |
| SMC01028 | SMC01157 |
| SMC01158 | SMC01276 |
| SMC01277 | SMC01393 |

These documents (SMC00001-SMC01393) are collectively referred to as the "Super Micro Documents".

(2) The parties stipulate that the Super Micro Documents are authentic within the meaning of Rule 901 of the Federal Rules of Evidence.

(3) This Stipulation and Order shall be used only in the instant litigation captioned above and shall not be binding on any other party or for any other purpose. Nothing in this Stipulation and Order shall have any effect on the authenticity or admissibility of any document or evidence.

In light of these stipulations, ACS agrees to forego any testimony and/or declaration from Super Micro's document custodian and agrees to withdraw its Motion to Compel as to Super Micro.

Respectfully submitted,

/s/ DRAFT

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street, 12thFloor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com


Jon W. Gurka
Brian Claassen
Cheryl T. Burgess
Pushkal Mishra
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404

Karl W. Kowallis
KNOBBE, MARTENS, OLSON & BEAR, LLP
1155 Avenue of the Americas, 24th Floor
New York, NY 10036
(212) 849-3024

Ben K. Shiroma
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450

Counsel for Plaintiff
Advanced Cluster Systems, Inc.


Dated: August **, 2022

/s/ DRAFT

Brian A. Biggs (No. 5591)
Stephanie E. O'Byrne (No. 4446)
Erin E. Larson (No. 6616)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
(302) 468-5700
brian.biggs@dlapiper.com
stephanie.obyrne@us.dlapiper.com
erin.larson@dlapiper.com


Mark D. Fowler
Clayton Thompson
Yakov Zolotorev
Carrie L. Williamson
Jonathan H. Hicks
Monica De Lazzari
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
(650) 833-2048

Peter F. Nelson
DLA PIPER LLP (US)
500 8th St NW
Washington, DC 20004
(202) 799-4000

Counsel for Defendants
NVIDIA Corporation,
NVIDIA Singapore Pte. Ltd., and
NVIDIA International, Inc.

SO ORDERED this _____ day of _____, 2022.

_____

The Honorable Maryellen Noreika

# EXHIBIT 12

1   KRISHNAN PADMANABHAN
    *KPadmanabhan@winston.com*
2   Winston & Strawn LLP
    200 Park Avenue
3   New York, NY 10166
    Tel: (212)-294-6700
4   Fax: (212)-294-4700

5   Attorney for Respondent,
    CISCO SYSTEMS, INC.
6

7
8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10  ADVANCED CLUSTER SYSTEMS,            CASE NO. 5:22-MC-80208
    INC.,
11                                       **RESPONDENT CISCO SYSTEMS, INC.'S**
              Movant,                    **OPPOSITION TO ADVANCE CLUSTER**
12                                       **SYSTEMS INC.'S MOTION TO COMPEL**
         v.                              **PRODUCTION AND DEPOSITION**
13
    CISCO SYSTEMS, INC.,                 Hearing Date: October 5, 2022
14                                       Time: 1:00 P.M.
              Respondent.               Courtroom: Via Zoom
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

On August 16, 2022, Advanced Cluster Systems, Inc. ("ACS") filed a Motion to Compel Production of Documents and Deposition ("Motion to Compel" or "Motion") in connection with a third-party subpoena it issued on Cisco Systems, Inc. ("Cisco"), arising from a patent dispute between ACS and NVIDIA in the District of Delaware.

Following the filing of ACS's Motion to Compel, the parties conducted additional meet and confers, before entering into an agreement on August 28, 2022, which, in material part, explained that Cisco (in exchange for ACS rescinding its subpoena) would produce i) three publicly-available technical documents that ACS had identified by email on August 26, 2022; ii) a summary of units sold in the U.S. for a single Cisco product, the UCS C480 ML M5 Rack, over the relevant timeframe, in whatever format that information is normally maintained; and iii) a declaration authenticating the documents and confirming that they were kept in the ordinary course of business.  *See* Ex. 1 (August 28, 2022 Email Chain Between Padmanabhan and Zoretic) at 2-3.  In accordance with that agreement, Cisco produced all of the requested documents to ACS on August 31, 2022, completely mooting ACS's motion with respect to its document subpoena.  *See* Ex. 2A (Beckwith to Burgess dated August 31, 2022 producing documents).  ACS subsequently withdrew its Motion to Compel with respect to its document subpoena on September 12, 2022.  *See* Dkt. 6 at 1 ("WHEREAS, the parties have now resolved, and ACS has therefore withdrawn, the Document Subpoena, which renders moot the part of the Motion to Compel relating to the Document Subpoena").

On September 7, 2022, Cisco produced the requested declaration, explaining that the documents are authentic and were maintained in the ordinary course of business.  *See* Ex. 2A (Beckwith to Burgess attaching declaration); Ex. 2B (Cisco Declaration).  After receiving Cisco's declaration, ACS expressed a belief that NVIDIA may still lodge evidentiary objections and asked for a revised declaration that required Cisco's fact declarant to provide a declaration ripe with legal conclusions regarding the admissibility of Cisco's produced documents.  *See* Ex. 3A (September 9, 2012 Shiroma to Padmanabhan), Ex. 3B (ACS First Proposed Declaration).  Cisco and ACS further met and conferred on September 12, 2022 and Cisco made clear that ACS's proposed declaration required far more could reasonably be asked of a fact declarant, and far more than the parties agreed.

1   ACS provided assurances that they only sought to address evidentiary issues, and as a result, the parties

2   entered a stipulation before the Court making clear that ACS only sought additional information

3   sufficient to clear up evidentiary issues regarding the Cisco produced documents, and that any

4   deposition of Cisco would be limited to those evidentiary issues.  *See* Dkt. 6 at 1 ("WHEREAS, the

5   parties believe that any deposition that is required will be limited to evidentiary issues related to

6   document admissibility, and are exploring resolution of that request for a deposition through a

7   declaration addressing various evidentiary issues related to document admissibility").

8           On September 14, 2022, ACS provided a second revised declaration that was intended,

9   according to ACS, to address Federal Rule of Evidence 803(6)(a) and 902, the only identified

10  evidentiary issues to be addressed.[1]  *See* Ex. 4A (September 14, 2012 Zoretic to Padmanabhan), Ex.

11  4B (ACS Second Proposed Declaration).  Cisco disagreed that certain of the edits were necessary to

12  address evidentiary issues.  But rather than allow ACS to manufacture a declaration of its exact

13  specifications, on September 19, 2022, Cisco agreed to provide a witness to address the limited

14  evidentiary issues under Federal Rule of Evidence 803(6)(a) and 902 for the five (5) Cisco produced

15  documents.  Ex. 5 (September 19, 2022 Padmanabhan to Zoretic).  As expressed in the parties'

16  stipulation before the Court, that offer moots the deposition subpoena portion of ACS's Motion to

17  Compel, and thus moots ACS's Motion to Compel in its entirety.

18          ACS's Motion to Compel has now been resolved.

19

20  Dated: September 19, 2022                    */s/Krishnan Padmanabhan*

21                                              KRISHNAN PADMANABHAN
                                                *KPadmanabhan@winston.com*
22                                              Winston & Strawn LLP
                                                200 Park Avenue
23                                              New York, NY 10166
                                                Tel: (212)-294-6700
24                                              Fax: (212)-294-4700

25                                              Attorney for Respondent,
                                                CISCO SYSTEMS, INC.
26

27  ───────────────
    [1] ACS also identified an issue based on Fed. R. Evid. 1006 that it wished to have addressed.  Cisco
28  addressed that issue, and ACS has confirmed the issue is moot. Ex. 5 at 5 ("Third, we agree that the
    FRE 1006 has now been resolved in view of your email to NVIDIA this morning.")

# EXHIBIT 13

CLOSED

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:22–mc–80208–NC

| | |
|---|---|
| Advanced Cluster Systems, Inc. v. Cisco Systems, Inc. | Date Filed: 08/16/2022 |
| Assigned to: Magistrate Judge Nathanael M. Cousins | Date Terminated: 09/30/2022 |
| Cause: Civil Miscellaneous Case | Jury Demand: None |
| | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Respondent**

**Cisco Systems, Inc.**          represented by   **Krishnan Padmanabhan**
Winston Strawn
200 Park Ave.
Floor 43
New York City, NY 10166
(212) 294–6700
Fax: (212) 294–4700
Email: kpadmanabhan@winston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Advanced Cluster Systems, Inc.**          represented by   **Cheryl Trina Burgess**
Knobbe, Martens, Olson and Bear, LLP
2040 Main St., 14th Floor
Irvine, CA 92614
949–760–0404
Fax: 949–760–9502
Email: cheryl.burgess@knobbe.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2022 | 1 | MOTION TO COMPEL against Cisco Systems, Inc. ( Filing fee $ 49, receipt number ACANDC–17449261.). Filed by Advanced Cluster Systems, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of Cheryl Burgess and Exhibits 1–9, # 3 Declaration of Marko Zoretic)(Burgess, Cheryl) (Filed on 8/16/2022) Modified on 8/17/2022 (wsn, COURT STAFF). (Entered: 08/16/2022) |
| 08/17/2022 | 2 | Case assigned to Magistrate Judge Nathanael M. Cousins.<br><br>(jlg, COURT STAFF) (Filed on 8/17/2022) (Entered: 08/17/2022) |
| 08/29/2022 | 3 | CLERKS NOTICE SETTING ZOOM HEARING. Please take notice the Motion to Compel is set for hearing 9/14/2022, at 01:00 PM before Magistrate Judge Nathanael M. Cousins. This proceeding will be held via a Zoom webinar.<br><br>Cisco is ordered to file response by 9/3; Movant's reply, not to exceed 3 pages, due by 9/10.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https ://www.cand.uscourts.gov/nc<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |

| | | Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text−only entry gene rated by the court. There is no document associated with this entry.)* (lmh, COURT STAFF) (Filed on 8/29/2022) (Entered: 08/29/2022) |
|---|---|---|
| 08/30/2022 | 4 | STIPULATION WITH PROPOSED ORDER *re Modifying the Briefing Schedule* filed by Advanced Cluster Systems, Inc.. (Attachments: # 1 Declaration of Cheryl Burgess)(Burgess, Cheryl) (Filed on 8/30/2022) (Entered: 08/30/2022) |
| 08/30/2022 | 5 | **ORDER GRANTING 4 Stipulation Modifying the Briefing Schedule re: 1 Motion to Compel. Cisco's response or opposition due by 9/12/2022. ACS's reply due by 9/19/2022. Motion Hearing reset for 9/21/2022, at 01:00 PM via Zoom webinar. Signed by Judge Nathanael M. Cousins on 8/30/2022.** (lmh, COURT STAFF) (Filed on 8/30/2022) (Entered: 08/30/2022) |
| 09/12/2022 | 6 | STIPULATION WITH PROPOSED ORDER *re Modifying the Briefing Schedule* filed by Advanced Cluster Systems, Inc.. (Attachments: # 1 Declaration of Cheryl Burgess)(Burgess, Cheryl) (Filed on 9/12/2022) (Entered: 09/12/2022) |
| 09/13/2022 | 7 | **ORDER GRANTING 6 Second Stipulation Modifying the Briefing Schedule. Cisco's response or opposition due by 9/19/2022. ACS's reply due by 9/26/2022. Motion Hearing reset for 10/5/2022, at 01:00 PM via Zoom webinar. Signed by Judge Nathanael M. Cousins on 9/13/2022.** (lmh, COURT STAFF) (Filed on 9/13/2022) (Entered: 09/13/2022) |
| 09/19/2022 | 8 | OPPOSITION/RESPONSE (re 1 MOTION to Compel ) filed byCisco Systems, Inc.. (Attachments: # 1 Declaration of Krishnan Padmanabhan, # 2 Exhibit 1, # 3 Exhibit 2A, # 4 Exhibit 2B, # 5 Exhibit 3A, # 6 Exhibit 3B, # 7 Exhibit 4A, # 8 Exhibit 4B, # 9 Exhibit 5)(Padmanabhan, Krishnan) (Filed on 9/19/2022) (Entered: 09/19/2022) |
| 09/26/2022 | 9 | REPLY (re 1 MOTION to Compel ) filed byAdvanced Cluster Systems, Inc.. (Attachments: # 1 Declaration of Ben K. Shiroma, # 2 Exhibit 10, # 3 Exhibit 11, # 4 Exhibit 12)(Burgess, Cheryl) (Filed on 9/26/2022) (Entered: 09/26/2022) |
| 09/26/2022 | 10 | **Order granting 1 Motion to Compel deposition of Cisco entered by Magistrate Judge Nathanael M. Cousins. Cisco is ordered to make available a witness for deposition by Zoom at a mutually available time by October 4, 2022. This Order does not resolve issues of deposition timing that are presented to the Delaware Court. The document part of the motion was previously resolved by stipulation. The October 5 hearing is vacated. No costs or fees awarded.** *(This is a text−only entry generated by the court. There is no document associated with this entry.)* **(Entered: 09/26/2022)** |

# EXHIBIT 14

| | |
|---|---|
| **From:** | Padmanabhan, Krishnan |
| **To:** | Ben Shiroma |
| **Cc:** | Marta Beckwith (marta@techsealaw.com); Williams, Malik; Marko Zoretic; Cheryl Burgess; Cara Charran; Williamson, Carrie; ACSService; Kellerman, Dillon |
| **Subject:** | RE: ACS-Cisco |
| **Date:** | Monday, September 26, 2022 5:43:37 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.jpg |
| | image004.jpg |
| | image005.jpg |
| | image006.jpg |
| | image007.jpg |
| | image008.jpg |

Ben —

In view of the Court's order, Cisco will present ████ tomorrow at 9 am.

Thanks
KP

---

**From:** Padmanabhan, Krishnan
**Sent:** Monday, September 26, 2022 6:49 PM
**To:** Ben Shiroma <Ben.Shiroma@knobbe.com>
**Cc:** Marta Beckwith (marta@techsealaw.com) <marta@techsealaw.com>; Williams, Malik <MWWilliams@winston.com>; Marko Zoretic <Marko.Zoretic@knobbe.com>; Cheryl Burgess <Cheryl.Burgess@knobbe.com>; Cara Charran <Cara.Charran@knobbe.com>; Williamson, Carrie <Carrie.Williamson@us.dlapiper.com>; ACSService <ACSService@knobbe.com>; Kellerman, Dillon <DKellerman@winston.com>
**Subject:** RE: ACS-Cisco

Ben —

The issue was flagged for ACS by Ms. Williamson via email on 9/12.  Cisco flagged the issue for ACS the same day during our meet and confer, during which we asked you to address it prior to making a Cisco witness sit for depo.  ACS assured us they would address the issue of their deposition time. We are now two weeks later, and ACS has still not addressed the issue.

We look forward to identifying a date, once ACS and NVIDIA have resolved this dispute, with or without the Court's assistance.  And we look forward to seeing you in the Bay Area for the depo, since this has been markedly more contentious than expected, and we will all benefit from addressing any disputes during the deposition in person.

Thanks,
-KP

**Krishnan Padmanabhan**

**Partner**

# EXHIBIT 15

8/25/2022          Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.          ██████████ 30(b)(6)

---

**Page 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

ADVANCED CLUSTER SYSTEMS, INC., )
              Plaintiff, )
                        ) Case No.
 -vs-                   ) 1:19-cv-02032-CFC
NVIDIA CORPORATION; NVIDIA     )
SINGAPORE PTE, LTD.; and NVIDIA  )
INTERNATIONAL, INC.,        )
              Defendants. )
_____ )

*████████████████████████*
   30(b)(6) DEPOSITION OF ████████████
         APPEARING REMOTELY
           August 25, 2022
       9:12 a.m. (Pacific Daylight Time)

Reported by: Eileen Mulvenna, CSR/RMR/CRR

_____

      DIGITAL EVIDENCE GROUP
     1730 M Street, NW, Suite 812
       Washington, D.C. 20036
         (202) 232-0646

---

**Page 2**

1      REMOTE VIDEOTAPED DEPOSITION of
2   ████████████, 30(b)(6) witness on behalf of the
3   Defendants in the above-titled action, held on
4   Thursday, August 25, 2022, commencing at
5   approximately 9:12 a.m., (Pacific Daylight Time)
6   before Eileen Mulvenna, CSR/RMR/CRR/RDR, Certified
7   Shorthand Reporter, Registered Merit Reporter,
8   Certified Realtime Reporter, Registered Diplomate
9   Reporter, and Notary Public of the State of New
10  York.
11
12
13
14
15
16
17
18
19
20
21
22

---

**Page 3**

1   A P P E A R A N C E S :
2
3   ATTORNEYS FOR PLAINTIFF:
    CHERYL T. BURGESS, ESQUIRE
4   KNOBBE MARTENS OLSEN & BEAR LLP
    2040 Main Street, 14th Floor
5   Irvine, California 92614
    949.760.0404
6   cheryl.burgess@knobbe.com
7   -and-
8   KARL KOWALLIS, ESQUIRE
    1155 Avenue of the Americas
9   New York, New York 10036
10  212.849.3000
11  karl.kowallis@knobbe.com
12
13  ATTORNEYS FOR DEFENDANTS AND THE WITNESS:
    CARRIE L. WILLIAMSON, ESQUIRE
14  DLA PIPER LLP (US)
    2000 University Avenue
15  East Palo Alto, California 94303-2214
    650.833.2070
16  carrie.williamson@dlapiper.com
17
18  ALSO PRESENT:
19  SARAH MOORE, ESQUIRE NVIDIA
20  HENRY MARTE, VIDEOGRAPHER/DOCUMENT TECH
21  DIGITAL EVIDENCE GROUP
22

---

**Page 4**

1            I N D E X
2   WITNESS     EXAMINATION BY      PAGE
3   ████████████
4       MS. BURGESS          7
5
6        E X H I B I T S      PAGE
7   Exhibit 22   Previously marked      13
8   Exhibit 142   No Bates numbers,      38
         Plaintiff's Notice of
9         Deposition
10  Exhibit 140   Previously marked      46
11  Exhibit 143   Bates Nos.         58
         NVIDIA-ACS-0220440-465,
12         ████████████
13  Exhibit 144   Bates No.         61
         NVIDIA-ACS-0163401, Excel
14         Spreadsheet
15  Exhibit 145   Bates No.         75
         NVIDIA-ACS-0163386, Excel
16         Spreadsheet
17  Exhibit 146   Bates No.         98
         NVIDIA-ACS-0165840, Excel
18         Spreadsheet
19  Exhibit 147   Bates No.         99
         NVIDIA-ACS-1099753, Excel
20         Spreadsheet
21
22

---

                    1  (Pages 1 to 4)

8/25/2022          Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.          ██████████ 30(b)(6)

---

Page 5

```
 1          E X H I B I T S, CON'T     PAGE
 2   Exhibit 148  Bates No.         134
                  NVIDIA-ACS-1099754, Excel
 3                Spreadsheet
 4   Exhibit 149  Bates No.         170
                  NVIDIA-ACS-0624997, Excel
 5                Spreadsheet
 6   Exhibit 150  Bates No.         198
                  NVIDIA-ACS-0624996, Excel
 7                Spreadsheet
 8   Exhibit 151  Bates No.         211
                  NVIDIA-ACS-0624995, Excel
 9                Spreadsheet
10   Exhibit 152  Bates Nos.        231
                  NVIDIA-ACS-0220476-77,
11                ████████████████████
12   Exhibit 153  Bates No.         238
                  NVIDIA-ACS-0220469-70,
13                ████████████████████
14   Exhibit 154  Bates No.         241
                  NVIDIA-ACS-0220471-72,
15                ████████████████████
16   Exhibit 155  Bates Nos.        243
17                NVIDIA-ACS-1313899-4041,
18                Form 10-K
19
20
21
22
```

Page 6

```
 1          THE VIDEOGRAPHER:  Okay.  My name is
 2   Henry Marte.  I'm a videographer with Digital
 3   Evidence Group.
 4          Today's date is August 25, 2022, and
 5   the time is 9:12 a.m.
 6          This deposition is being held remotely
 7   in the matter of Advanced Cluster Systems,
 8   Inc. versus NVIDIA.
 9          The deponent today is ██████████
10   ██.
11          All parties to this deposition are
12   appearing remotely and have agreed to the
13   witness being sworn in remotely.
14          Counsel please identify themselves for
15   the record, after which the court reporter
16   will administer the oath to the witness.
17          MS. BURGESS:  This is Cheryl Burgess.
18   I'm with Knobbe Martens Olson & Bear, and I
19   represent the plaintiff, Advanced Cluster
20   Systems.
21          MS. WILLIAMSON:  And Carrie Williamson
22   from DLA Piper for the NVIDIA defendants and
```

Page 7

```
 1   the witness.  And also in attendance at the
 2   deposition is Sarah Moore, in-house counsel
 3   for NVIDIA.
 4   ██████████
 5   having been duly sworn by Eileen Mulvenna,
 6   a Notary Public of the State of New York,
 7   was examined and testified as follows:
 8   EXAMINATION
 9   BY MS. BURGESS:
10          Q.   Good morning, ██████.  How are you
11   today?
12          A.   Good, thank you.  How are you?
13          Q.   I'm good.  So I'm going to be asking
14   you lots of questions today.  And so one thing I
15   just wanted to caution you at the very beginning is
16   our court reporter here, Eileen Mulvenna, is going
17   to be making a written record of everything that I
18   ask, everything that you answer.  And so make sure
19   that your responses are verbal so that she has
20   something to write down.  And we'll try not to talk
21   over each other.  Sound good?
22          A.   Yes.
```

Page 8

```
 1          Q.   Okay.  Can you please state your full
 2   name for the record?
 3          A.   ██████████.
 4          Q.   And, ██████, where are you located
 5   in the country?
 6          A.   ██████████.
 7          Q.   Is there any reason why you would not
 8   be able to give truthful and accurate testimony
 9   today?
10          A.   Nope.
11          Q.   Are you on any medications that would
12   affect your ability to give truthful or accurate
13   testimony today?
14          A.   No.
15          Q.   Have you been deposed before?
16          A.   No, I've not.
17          Q.   Okay.  Well, then I'll go over some
18   ground rules just that will help things hopefully go
19   more smoothly.
20          Do you understand that you're under
21   oath today as if you were in a courtroom?
22          A.   I do.
```

                                    2  (Pages 5 to 8)

8/25/2022          Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.          ██████ 30(b)(6)



Page 257

1   necessarily being just one person.
2   BY MS. BURGESS:
3       Q.   Okay.
4       A.   ██████████████████
5   ██████████████████████
6       Q.   Are you familiar with any of the
7   ██████████████████████?
8           MS. WILLIAMSON:  Objection to the form
9   of the question.
10          THE WITNESS:  Yeah, I don't understand
11  am I familiar with the ██████?
12  BY MS. BURGESS:
13      Q.   ██████████████████
14  ██████████████████████
15  ██████████████████████
16  ██████████████████████
17      A.   ██████████████████
18  ██████████████████████
19  ██████████████████████
20  ██████████████████
21  ██████████████████.
22      Q.   ██████████████

Page 258

1   ██████████████████
2           MS. WILLIAMSON:  Objection as outside
3   the scope.
4           THE WITNESS:  ██████████
5   ██████████████████████
6   ██████████████████████
7   ██████████████████████,
8   ██████████████████
9   ██████████████
10  BY MS. BURGESS:
11      Q.   ██████████████████
12  ██████████████████████
13  ██████████████████████
14  ██████████████████████
15          MS. WILLIAMSON:  Objection as outside
16  the scope.
17          THE WITNESS:  ██████████
18  ██████████████████
19  ██████████████████
20  ████████████
21  BY MS. BURGESS:
22      Q.   Okay.  So if I asked you about a

Page 259

1   ██████████████████████
2   ██████████████████████
3   ██████?
4       A.   I would --
5           MS. WILLIAMSON:  Objection as outside
6   the scope.
7           THE WITNESS:  ██████████████
8   ██████████████
9           MS. BURGESS:  Okay.  I think now would
10  be a good time to take a short break.
11          THE VIDEOGRAPHER:  The time is 4 p.m.
12  Going off the record.
13          (Recess from the record.)
14          THE VIDEOGRAPHER:  The time is
15  4:47 p.m.  Back on the record.
16  BY MS. BURGESS:
17      Q.   All right.  Welcome back, ██████.
18      A.   Thank you.
19      Q.   So I wanted to briefly go back to the
20  ██████████████ that we were looking at
21  before.  So if we could refer back to Exhibits 149,
22  150, and 151.  And maybe so that we can have one

Page 260

1   open up in front of us, maybe we can just pick 151
2   as the one that's up on the screen.  And let me know
3   once you have those open.
4       A.   It's not downloading for some reason,
5   but I'll at least open it in the -- it's spinning.
6   It says we can't preview.  Let me try to log out of
7   that document share and re-log in.  If not, I'll --
8       Q.   Okay.
9       A.   Nothing's opening right now.
10          There we are.  Let's see.  Yep, I have
11  151 open now.
12      Q.   Okay.  So each of the -- each of the
13  ██████████, I think they were Exhibits 149,
14  150, and 151 had a column labeled "██████████,"
15  right?  So there's, like, Column V, "██████████"
16  in this Exhibit 151?
17      A.   Uh-huh.  Yep.
18      Q.   ██████████████████████
19  ██████████████████████
20  ██████████████████████
21  ██████████████████████?
22          MS. WILLIAMSON:  Objection to the form

65  (Pages 257 to 260)

8/25/2022          Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.          ███████ 30(b)(6)



Page 273

1     MS. BURGESS:  Okay.  I don't have any
2  further questions for today, although I will
3  note I think we need to get an answer or
4  follow-up regarding the ████████████████
5  ████████████████████████████████
6  ████████████████████████████
7  ████████████████████████
8  "████████████████████" and what those
9  particularly relate to I think is relevant.
10  So we'd like to hold this open so that we can
11  get answers to that information once he's
12  refreshed his recollection.
13     MS. WILLIAMSON:  And we're happy to
14  meet and confer on that issue following the
15  deposition.
16     MS. BURGESS:  Sure, happy to.
17     And ████████, I'm just going to say
18  thank you before -- while I have a chance
19  because you've been a really -- you know,
20  really good sport today.  I know this is not
21  fun.  I want to turn it over to
22  Ms. Williamson in case she has any follow-up

Page 274

1  questions.
2     MS. WILLIAMSON:  I don't have
3  follow-up questions but wanted to designate
4  the transcript as highly confidential,
5  attorneys' eyes only under the protective
6  order, and also note that the witness would
7  like an opportunity to review and sign the
8  transcript following the deposition.
9     THE VIDEOGRAPHER:  Okay.  So I'm going
10  to get us off the record.
11     This marks the end of today's
12  deposition.  The time is 5:08 p.m.
13     (Off the record at 5:08 p.m.)
14
15
16
17
18
19
20
21
22

Page 275

1  STATE OF NEW YORK        )
2                           ss:
3  COUNTY OF WESTCHESTER    )
4     I, EILEEN MULVENNA, CSR/RMR/CRR, a
   Certified Court Reporter, Registered Merit Reporter,
5  Certified Realtime Reporter, and Notary Public in
   and for the State of New York, do hereby certify:
6     That I reported the taking of the
   deposition of the witness, ████████████████
7  commencing on the 25th day of August, 2022, at the
   hour of 9:12 a.m. (Pacific Daylight Time).
8     That prior to being examined, the witness
   was duly sworn by me to testify to the truth, the
9  whole truth, and nothing but the truth.
10     That I thereafter transcribed my said
   shorthand notes into typewriting and that the
11  typewritten transcript of said deposition is a
   complete, true and accurate transcription of my
12  said shorthand notes taken down at said time, and
   that a request has been made to review the
13  transcript.
14     I further certify that I am not a relative
   or employee of an attorney or counsel of any of the
15  parties, nor a relative or employee of any attorney
   or counsel involved in said action, nor a person
16  financially interested in the action.
17     IN WITNESS WHEREOF, I have hereunto
   set my signature this 29th day of August, 2022.
18
19     _____
20
21     EILEEN MULVENNA, CSR/RMR/CRR
22

Page 276

1  ████████████ 30(b)(6), c/o
   DLA PIPER LLP (US)
2  2000 University Avenue
   East Palo Alto, CA  94303
3
   Case: Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.
4  Date of deposition: August 25, 2022
   Deponent: ████████ 30(b)(6)
5
6  Please be advised that the transcript in the above
7  referenced matter is now complete and ready for signature.
   The deponent may come to this office to sign the transcript,
8  a copy may be purchased for the witness to review and sign,
9  or the deponent and/or counsel may waive the option of
10  signing. Please advise us of the option selected.
11  Please forward the errata sheet and the original signed
12  signature page to counsel noticing the deposition, noting the
13  applicable time period allowed for such by the governing
14  Rules of Procedure. If you have any questions, please do
15  not hesitate to call our office at (202)-232-0646.
16
17
18  Sincerely,
19  Digital Evidence Group
20  Copyright 2022 Digital Evidence Group
21  Copying is forbidden, including electronically, absent
22  express written consent.

69  (Pages 273 to 276)

Page 277

```
1    Digital Evidence Group, L.L.C.
     1730 M Street, NW, Suite 812
2    Washington, D.C. 20036
     (202) 232-0646
3
4    SIGNATURE PAGE
     Case: Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.
5    Witness Name: ████████  30(b)(6)
     Deposition Date: August 25, 2022
6
     I do hereby acknowledge that I have read
7    and examined the foregoing pages
     of the transcript of my deposition and that:
8
9    (Check appropriate box):
     ( ) The same is a true, correct and
10   complete transcription of the answers given by
     me to the questions therein recorded.
11   ( ) Except for the changes noted in the
     attached Errata Sheet, the same is a true,
12   correct and complete transcription of the
13   answers given by me to the questions therein
14   recorded.
15
16   _____    _____
17   DATE            WITNESS SIGNATURE
18
19
20
21   _____    _____
22   DATE            NOTARY
```

Page 278

```
1    Digital Evidence Group, LLC
2    1730 M Street, NW, Suite 812
3    Washington, D.C.  20036
4    (202)232-0646
5
6         ERRATA SHEET
7
8    Case: Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.
9    Witness Name: ████████  30(b)(6)
10   Deposition Date: August 25, 2022
11   Page No.   Line No.   Change
12
13
14
15
16
17
18
19
20
21   _____    _____
22   Signature               Date
```

70  (Pages 277 to 278)

# EXHIBIT 16

8/25/2022   Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.   ███████ 30(b)(6)

**Page 1**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

_____

ADVANCED CLUSTER SYSTEMS, INC., )

Plaintiff, )

) Case No.

-vs- ) 1:19-cv-02032-CFC

NVIDIA CORPORATION; NVIDIA )

SINGAPORE PTE, LTD.; and NVIDIA )

INTERNATIONAL, INC., )

Defendants. )

_____ )

* ███████████████████ *

30(b)(6) DEPOSITION OF ████████

APPEARING REMOTELY

August 25, 2022

9:12 a.m. (Pacific Daylight Time)

Reported by: Eileen Mulvenna, CSR/RMR/CRR

_____

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

**Page 2**

1    REMOTE VIDEOTAPED DEPOSITION of

2    ████████, 30(b)(6) witness on behalf of the

3    Defendants in the above-titled action, held on

4    Thursday, August 25, 2022, commencing at

5    approximately 9:12 a.m., (Pacific Daylight Time)

6    before Eileen Mulvenna, CSR/RMR/CRR/RDR, Certified

7    Shorthand Reporter, Registered Merit Reporter,

8    Certified Realtime Reporter, Registered Diplomate

9    Reporter, and Notary Public of the State of New

10   York.

11

12

13

14

15

16

17

18

19

20

21

22

**Page 3**

1    A P P E A R A N C E S :

2

3    ATTORNEYS FOR PLAINTIFF:

     CHERYL T. BURGESS, ESQUIRE

4    KNOBBE MARTENS OLSEN & BEAR LLP

     2040 Main Street, 14th Floor

5    Irvine, California 92614

     949.760.0404

6    cheryl.burgess@knobbe.com

7    -and-

8    KARL KOWALLIS, ESQUIRE

     1155 Avenue of the Americas

9    New York, New York 10036

     212.849.3000

10   karl.kowallis@knobbe.com

11

12   ATTORNEYS FOR DEFENDANTS AND THE WITNESS:

     CARRIE L. WILLIAMSON, ESQUIRE

13   DLA PIPER LLP (US)

     2000 University Avenue

14   East Palo Alto, California 94303-2214

     650.833.2070

15   carrie.williamson@dlapiper.com

16

17   ALSO PRESENT:

18   SARAH MOORE, ESQUIRE NVIDIA

19   HENRY MARTE, VIDEOGRAPHER/DOCUMENT TECH

20   DIGITAL EVIDENCE GROUP

21

22

**Page 4**

1            I N D E X

2    WITNESS      EXAMINATION BY          PAGE

3    ████████████

4            MS. BURGESS          7

5

6        E X H I B I T S      PAGE

7    Exhibit 22   Previously marked      13

8    Exhibit 142  No Bates numbers,      38

         Plaintiff's Notice of

9        Deposition

10   Exhibit 140  Previously marked      46

11   Exhibit 143  Bates Nos.             58

         NVIDIA-ACS-0220440-465,

12

13   Exhibit 144  Bates No.              61

         NVIDIA-ACS-0163401, Excel

14       Spreadsheet

15   Exhibit 145  Bates No.              75

         NVIDIA-ACS-0163386, Excel

16       Spreadsheet

17   Exhibit 146  Bates No.              98

         NVIDIA-ACS-0165840, Excel

18       Spreadsheet

19   Exhibit 147  Bates No.              99

         NVIDIA-ACS-1099753, Excel

20       Spreadsheet

21

22

1  (Pages 1 to 4)

Page 5

```
                 E X H I B I T S,  CON'T     PAGE
 1
 2  Exhibit 148  Bates No.         134
                 NVIDIA-ACS-1099754, Excel
 3               Spreadsheet
 4  Exhibit 149  Bates No.         170
                 NVIDIA-ACS-0624997, Excel
 5               Spreadsheet
 6  Exhibit 150  Bates No.         198
                 NVIDIA-ACS-0624996, Excel
 7               Spreadsheet
 8  Exhibit 151  Bates No.         211
                 NVIDIA-ACS-0624995, Excel
 9               Spreadsheet
10  Exhibit 152  Bates Nos.        231
                 NVIDIA-ACS-0220476-77,
11               ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12  Exhibit 153  Bates Nos.        238
                 NVIDIA-ACS-0220469-70,
13               ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14  Exhibit 154  Bates Nos.        241
                 NVIDIA-ACS-0220471-72,
15               ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16  Exhibit 155  Bates Nos.        243
17               NVIDIA-ACS-1313899-4041,
18               Form 10-K
19
20
21
22
```

Page 6

```
 1          THE VIDEOGRAPHER:  Okay.  My name is
 2  Henry Marte.  I'm a videographer with Digital   12:12:24
 3  Evidence Group.                   12:12:26
 4          Today's date is August 25, 2022, and    12:12:27
 5  the time is 9:12 a.m.             12:12:31
 6          This deposition is being held remotely  12:12:34
 7  in the matter of Advanced Cluster Systems,      12:12:36
 8  Inc. versus NVIDIA.               12:12:38
 9          The deponent today is ▮▮▮▮▮▮▮▮          12:12:40
10          ▮▮▮▮▮▮▮                   12:12:42
11          All parties to this deposition are      12:12:44
12  appearing remotely and have agreed to the       12:12:47
13  witness being sworn in remotely.   12:12:48
14          Counsel please identify themselves for  12:12:50
15  the record, after which the court reporter      12:12:52
16  will administer the oath to the witness.        12:12:53
17          MS. BURGESS:  This is Cheryl Burgess.   12:12:57
18  I'm with Knobbe Martens Olson & Bear, and I     12:12:59
19  represent the plaintiff, Advanced Cluster       12:13:01
20  Systems.                          12:13:04
21          MS. WILLIAMSON:  And Carrie Williamson  12:13:04
22  from DLA Piper for the NVIDIA defendants and    12:13:07
```

Page 7

```
 1  the witness.  And also in attendance at the     12:13:10
 2  deposition is Sarah Moore, in-house counsel     12:13:14
 3  for NVIDIA.  ▮▮▮▮▮▮▮▮             12:13:16
 4  ▮▮▮▮▮▮▮▮▮▮                        12:02:51
 5  having been duly sworn by Eileen Mulvenna,      12:02:51
 6  a Notary Public of the State of New York,       12:02:51
 7  was examined and testified as follows:          12:02:51
 8  EXAMINATION                       12:02:51
 9  BY MS. BURGESS:                   12:02:51
10     Q.   Good morning, ▮▮▮▮.  How are you        12:13:33
11  today?                            12:13:35
12     A.   Good, thank you.  How are you?          12:13:36
13     Q.   I'm good.  So I'm going to be asking     12:13:39
14  you lots of questions today.  And so one thing  12:13:42
15  just wanted to caution you at the very beginning is  12:13:47
16  our court reporter here, Eileen Mulvenna, is going  12:13:51
17  to be making a written record of everything that I  12:13:53
18  ask, everything that you answer.  And so make sure  12:13:57
19  that your responses are verbal so that she has  12:14:00
20  something to write down.  And we'll try not to talk  12:14:03
21  over each other.  Sound good?      12:14:06
22     A.   Yes.                      12:14:08
```

Page 8

```
 1     Q.   Okay.  Can you please state your full   12:14:10
 2  name for the record?              12:14:14
 3     A.   ▮▮▮▮▮▮▮.                   12:14:15
 4     Q.   And, ▮▮▮▮▮, where are you located       12:14:19
 5  in the country?                   12:14:24
 6     A.   ▮▮▮▮▮▮▮▮                   12:14:27
 7     Q.   Is there any reason why you would not   12:14:30
 8  be able to give truthful and accurate testimony  12:14:31
 9  today?                            12:14:36
10     A.   Nope.                      12:14:36
11     Q.   Are you on any medications that would   12:14:38
12  affect your ability to give truthful or accurate  12:14:39
13  testimony today?                  12:14:42
14     A.   No.                       12:14:45
15     Q.   Have you been deposed before?          12:14:48
16     A.   No, I've not.              12:14:52
17     Q.   Okay.  Well, then I'll go over some     12:14:53
18  ground rules just that will help things hopefully go  12:14:56
19  more smoothly.                    12:15:00
20          Do you understand that you're under     12:15:02
21  oath today as if you were in a courtroom?       12:15:03
22     A.   I do.                     12:15:08
```

2  (Pages 5 to 8)

8/25/2022                    Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.                    30(b)(6)



Page 257

```
 1    necessarily being just one person.          19:31:39
 2    BY MS. BURGESS:                              19:31:42
 3        Q.   Okay.                               19:31:44
 4        A.                                       19:31:59
 5                                                 19:32:01
 6        Q.   Are you familiar with any of the    19:32:29
 7                                        ?        19:32:30
 8            MS. WILLIAMSON:  Objection to the form  19:32:35
 9    of the question.                             19:32:36
10            THE WITNESS:  Yeah, I don't understand  19:32:37
11    am I familiar with the members?              19:32:40
12    BY MS. BURGESS:                              19:32:42
13        Q.                                 ?     19:32:44
14                                                 19:32:46
15                                                 19:32:50
16                                                 19:32:56
17                                                 19:33:05
18                                                 19:33:08
19                                                 19:33:10
20                                                 19:33:13
21                                                 19:33:17
22        Q.                                       19:33:21
```

Page 258

```
 1                                                 19:33:25
 2            MS. WILLIAMSON:  Objection as outside  19:33:31
 3    the scope.                                   19:33:31
 4            THE WITNESS:                          19:33:36
 5                                                 19:33:37
 6                                                 19:33:39
 7                                       .         19:33:45
 8                                                 19:33:48
 9                                                 19:33:53
10    BY MS. BURGESS:                              19:33:59
11        Q.                                       19:33:59
12                                                 19:34:02
13                                                 19:34:04
14                                                 19:34:08
15            MS. WILLIAMSON:  Objection as outside  19:34:13
16    the scope.                                   19:34:14
17                                                 19:34:16
18                                       t         19:34:20
19                                                 19:34:22
20                                                 19:34:26
21    BY MS. BURGESS:                              19:34:27
22        Q.   Okay.  So if I asked you about a    19:34:27
```

Page 259

```
 1                                                 19:34:30
 2                                                 19:34:32
 3                                                 19:34:35
 4        A.   I would --                          19:34:37
 5            MS. WILLIAMSON:  Objection as outside  19:34:38
 6    the scope.                                   19:34:39
 7            THE WITNESS:                          19:34:40
 8    c                                            19:34:42
 9            MS. BURGESS:  Okay.  I think now would  19:34:48
10    be a good time to take a short break.        19:35:07
11            THE VIDEOGRAPHER:  The time is 4 p.m.  19:35:10
12    Going off the record.                        19:35:13
13            (Recess from the record.)            19:35:20
14            THE VIDEOGRAPHER:  The time is        19:47:29
15    4:47 p.m.  Back on the record.               19:47:31
16    BY MS. BURGESS:                              19:47:34
17        Q.   All right.  Welcome back,           19:47:36
18        A.   Thank you.                          19:47:38
19        Q.   So I wanted to briefly go back to the  19:47:45
20                     that we were looking at     19:47:50
21    before.  So if we could refer back to Exhibits 149,  19:47:53
22    150, and 151.  And maybe so that we can have one  19:48:00
```

Page 260

```
 1    open up in front of us, maybe we can just pick 151  19:48:06
 2    as the one that's up on the screen.  And let me know  19:48:10
 3    once you have those open.                    19:48:23
 4        A.   It's not downloading for some reason,  19:48:31
 5    but I'll at least open it in the -- it's spinning.  19:48:32
 6    It says we can't preview.  Let me try to log out of  19:48:38
 7    that document share and re-log in.  If not, I'll --  19:48:46
 8        Q.   Okay.                               19:48:49
 9        A.   Nothing's opening right now.        19:48:50
10            There we are.  Let's see.  Yep, I have  19:49:15
11    151 open now.                                19:49:26
12        Q.   Okay.  So each of the -- each of the  19:49:28
13    I think they were Exhibits 149,              19:49:33
14    150, and 151 had a column labeled "            ,"  19:49:37
15    right?  So there's, like, Column V, "          "  19:49:41
16    in this Exhibit 151?                         19:49:45
17        A.   Uh-huh.  Yep.                       19:49:48
18        Q.                                       19:49:50
19                                       .         19:49:57
20                                                 19:50:04
21                                       ?         19:50:10
22            MS. WILLIAMSON:  Objection to the form  19:50:19
```

65 (Pages 257 to 260)

8/25/2022        Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.        ▇▇▇▇▇▇ 30(b)(6)

---

Page 273

1        MS. BURGESS:  Okay.  I don't have any    20:06:42
2    further questions for today, although I will    20:06:44
3    note I think we need to get an answer or    20:06:47
4    follow-up regarding the ▇▇▇▇▇▇▇▇▇▇    20:06:52
5    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇    20:07:00
6    ▇▇▇▇▇▇▇▇▇▇▇▇    20:07:03
7    ▇▇▇▇▇▇▇▇▇▇    20:07:05
8    ▇▇▇▇▇▇▇ and what those    20:07:09
9    particularly relate to I think is relevant.    20:07:14
10    So we'd like to hold this open so that we can    20:07:16
11    get answers to that information once he's    20:07:19
12    refreshed his recollection.    20:07:23
13        MS. WILLIAMSON:  And we're happy to    20:07:26
14    meet and confer on that issue following the    20:07:29
15    deposition.    20:07:31
16        MS. BURGESS:  Sure, happy to.    20:07:32
17    ▇▇▇▇▇▇ I'm just going to say    20:07:36
18    thank you before -- while I have a chance    20:07:39
19    because you've been a really -- you know,    20:07:41
20    really good sport today.  I know this is not    20:07:44
21    fun.  I want to turn it over to    20:07:46
22    Ms. Williamson in case she has any follow-up    20:07:48

---

Page 274

1    questions.    20:07:51
2        MS. WILLIAMSON:  I don't have    20:07:52
3    follow-up questions but wanted to designate    20:07:52
4    the transcript as highly confidential,    20:07:57
5    attorneys' eyes only under the protective    20:07:59
6    order, and also note that the witness would    20:08:01
7    like an opportunity to review and sign the    20:08:03
8    transcript following the deposition.    20:08:05
9        THE VIDEOGRAPHER:  Okay.  So I'm going    20:08:09
10    to get us off the record.    20:08:10
11        This marks the end of today's    20:08:11
12    deposition.  The time is 5:08 p.m.    20:08:13
13        (Off the record at 5:08 p.m.)    20:08:16
14                            20:08:16
15
16
17
18
19
20
21
22

---

Page 275

1    STATE OF NEW YORK        )
2                            )  ss:
3    COUNTY OF WESTCHESTER        )
4        I, EILEEN MULVENNA, CSR/RMR/CRR, a
5    Certified Court Reporter, Registered Merit Reporter,
6    Certified Realtime Reporter, and Notary Public in
7    and for the State of New York, do hereby certify:
8        That I reported the taking of the
9    deposition of the witness, ▇▇▇▇▇▇▇▇▇▇▇
10    commencing on the 25th day of August, 2022, at the
11    hour of 9:12 a.m. (Pacific Daylight Time).
12        That prior to being examined, the witness
13    was duly sworn by me to testify to the truth, the
14    whole truth, and nothing but the truth.
15        That I thereafter transcribed my said
16    shorthand notes into typewriting and that the
17    typewritten transcript of said deposition is a
18    complete, true and accurate transcription of my
19    said shorthand notes taken down at said time, and
20    that a request has been made to review the
21    transcript.
22        I further certify that I am not a relative
    or employee of an attorney or counsel of any of the
    parties, nor a relative or employee of any attorney
    or counsel involved in said action, nor a person
    financially interested in the action.
        IN WITNESS WHEREOF, I have hereunto
    set my signature this 29th day of August, 2022.


    _____
    EILEEN MULVENNA, CSR/RMR/CRR

---

Page 276

1    ▇▇▇▇▇▇▇ 30(b)(6), c/o
    DLA PIPER LLP (US)
2    2000 University Avenue
    East Palo Alto, CA  94303
3
    Case: Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.
4    Date of deposition: August 25, 2022
    Deponent: ▇▇▇▇▇▇ 30(b)(6)
5
6    Please be advised that the transcript in the above
7    referenced matter is now complete and ready for signature.
    The deponent may come to this office to sign the transcript,
8    a copy may be purchased for the witness to review and sign,
9    or the deponent and/or counsel may waive the option of
10    signing. Please advise us of the option selected.
11    Please forward the errata sheet and the original signed
12    signature page to counsel noticing the deposition, noting the
13    applicable time period allowed for such by the governing
14    Rules of Procedure. If you have any questions, please do
15    not hesitate to call our office at (202)-232-0646.
16
17
18    Sincerely,
19    Digital Evidence Group
20    Copyright 2022 Digital Evidence Group
21    Copying is forbidden, including electronically, absent
22    express written consent.

---

69  (Pages 273 to 276)

Page 277

1   Digital Evidence Group, L.L.C.
    1730 M Street, NW, Suite 812
2   Washington, D.C. 20036
    (202) 232-0646
3
4   SIGNATURE PAGE
    Case: Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.
5   Witness Name: ████████ 30(b)(6)
    Deposition Date: August 25, 2022
6
    I do hereby acknowledge that I have read
7   and examined the foregoing pages
    of the transcript of my deposition and that:
8
9   (Check appropriate box):
    ( ) The same is a true, correct and
10  complete transcription of the answers given by
    me to the questions therein recorded.
11  ( ) Except for the changes noted in the
    attached Errata Sheet, the same is a true,
12  correct and complete transcription of the
13  answers given by me to the questions therein
14  recorded.
15
16  _____     _____
17      DATE          WITNESS SIGNATURE
18
19
20
21  _____     _____
22      DATE          NOTARY

Page 278

1   Digital Evidence Group, LLC
2   1730 M Street, NW, Suite 812
3   Washington, D.C. 20036
4   (202)232-0646
5
6       ERRATA SHEET
7
8   Case: Advanced Cluster Systems, Inc., v. Nvidia Corporation, et al.
9   Witness Name: ████████ 30(b)(6)
10  Deposition Date: August 25, 2022
11  Page No.   Line No.   Change
12
13
14
15
16
17
18
19
20
21  _____     _____
22      Signature              Date

70 (Pages 277 to 278)